## City of Scranton *versus* Catterson.

1. The city of Scranton is an incorporated city. C., while driving through its streets, struck a water plug, projecting from the ground in the middle of the street, and he was thrown from his wagon and injured. The plug was placed in the street by a water company that was incorporated prior to the incorporation of the city. As originally placed, it only projected about two inches from the ground, but a few months previous to the accident the street had been lowered, and the plug was thus left to project about six inches from the ground. The street commissioners had frequently seen the plug, and knew of its existence at the time of the accident. C. brought an action for damages against the city, and the defendant asked the court to charge that if the obstruction was placed in the street by the water company, under authority from the state, the city was not liable: *Held*, affirming the court below, that it mattered not who placed the obstruction in the street, provided the city had notice of its existence and failed to remove it.

2. The water company had the right to put in the plug but it had no authority to place and maintain an obstruction on the street. Should they construct a dangerous public nuisance on the highway, the duty of the city, after notice, is plain. And where, as here, the plug was properly placed, and afterwards the city lowered the grade of the street, causing the obstruction, it was an inexcusable neglect.

March 30th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Lackawanna county*: Of July Term 1879, No. 57.

Case by John M. Catterson against the city of Scranton, to recover damages for injuries received from the alleged negligence of the city in allowing an obstruction on one of its streets.

From the testimony on behalf of the plaintiff, it appeared that in December 1877, he was driving a wagon with two horses on a slow trot up Penn avenue, in the city of Scranton, and in turning into Mulberry street the left front wheel of the wagon struck the head of an iron water-plug, which projected about six inches from the ground, and which plaintiff did not see, and that by reason thereof he was thrown from the wagon and injured. The plug was about the middle of the street, and had been placed there by the Scranton Gas and Water Company before the incorporation of the city. It had originally only projected about two inches from the ground, but some few months before this occurrence the city had lowered the level of the street, and it was thus made to project several inches more. The plaintiff gave in evidence the Act of Assembly incorporating the city of Scranton in 1867, wherein it was authorized to open streets, and the duty imposed upon it of regulating them.

Several witnesses for the defence testified that they knew of the plug, that wagons had gone over it without accident, but that knowing its whereabouts they avoided it. The street commissioner, on

[City of Scranton *v.* Catterson.]

cross-examination, testified that he lived near the point of the accident; that he had frequently observed the plug; that when he saw it he thought it projected about five inches from the ground.

The defendant offered in evidence the charter of the Scranton Gas and Water Company: Pamph. L. 1856, p. 599. Offered for the purpose of showing that the legislature authorized the Scranton Gas and Water Company to put the plug in at the point of the accident; that the city has no control over it; that the said company is not the servant or agent of the city in this matter, and is not responsible to the city, but to the state. Objected to and objection sustained. (1st assignment of error.)

The following is one section of the charter:

"The said company shall have power to provide, erect, and maintain all works, machinery, fixtures, or engines necessary or proper for making, raising, and introducing into the village of Scranton, Luzerne county, a sufficient supply of gas and pure water; and for that purpose may provide, erect, and maintain all proper buildings, cisterns, and reservoirs for the reception of the gas and water to be introduced, and for this purpose they are authorized and empowered by themselves, their agents, engineers and workmen, to take water from any stream, and with their tools, carts, wagons and horses, to enter upon lands and enclosures, streets, lanes and alleys, roads, highways and bridges, as may be necessary to occupy or to obtain necessary materials for the construction of the said works, and to occupy, ditch and lay pipes, and from time to time to repair the same; and if any injury be done to private property, the said company shall make compensation therefor in the manner hereinafter provided."

The defendant, inter alia, submitted the following points to which are appended the answers of the court, Handley, P. J.

2. Plaintiff was bound to use ordinary care and caution, and if he could by such care have avoided the accident he cannot recover. The least contributory negligence will prevent a recovery.

Ans. "This point we affirm; but, as we said to you in our general charge, if you find that there was the least contributory negligence on the part of the plaintiff, and there was also negligence on the part of the city, it is not for you to balance the scales of justice and say which one of these parties is to blame. The law casts the responsibility upon this plaintiff of using ordinary care in passing over the public highways; if he failed to use that care he must suffer the consequences and cannot recover."

3. If the jury believe that the obstruction in the street was placed there under authority of the state, and independent of the city authority, then the action should be against the authority guilty of the obstruction.

Ans. "This point we cannot affirm." (2d assignment.)

[City of Scranton *v.* Catterson.]

4. A person driving over a road with which he is unacquainted should carefully examine the way ahead, especially when turning corners, and a non-compliance with this is negligence.

Ans. " This point as presented we cannot affirm." (3d assignment.)

6. The city of Scranton is not liable for injuries resulting from obstructions placed in the street by the Scranton Gas and Water Company, in the pursuance of its lawful business under the authority given by its charter from the state.

Ans. " This point we cannot affirm. We have no hesitation in saying to you that the Scranton Gas and Water Company no doubt had the right to construct such works as the law-making power of this state authorized her to do ; but neither the Scranton Gas and Water Company nor any other company can put a structural obstruction in the public highways. If the Gas and Water Company did put this obstruction there, and the attention of the city was called to it, and she failed to compel the company to remove it, and it remains there, and an injury of this kind occurs, without any contributing negligence on the part of the defendant, it is the city that must first answer, although the Gas and Water Company may afterwards have to answer. (4th assignment.)

Verdict for plaintiff, and after judgment thereon defendant took this writ and alleged that the court erred in rejecting the testimony and in the answers to the points as set forth in the above assignments of error.

*I. H. Burns*, for plaintiff in error.—The charter privileges granted to a private corporation by the state, constitute a contract which cannot be impaired either by the state or a municipality deriving power therefrom : Fletcher *v.* Peck, 6 Cranch 87 ; Dartmouth College *v.* Woodward, 4 Whart. 519 ; Bank of Pennsylvania *v.* Commonwealth, 7 Harris 151 ; Southwark Railroad Co. *v.* Philadelphia, 11 Wright 314. The authority of the state over highways and streets is absolute, and she may obstruct, alter or control them as she may deem proper, and where such obstruction or alteration is duly authorized. A municipal corporation cannot interfere or control it, and is not liable for damages caused thereby : Philadelphia and Trenton Railroad Co., 6 Whart. 44 ; Young *v.* The Inhabitants of Yarmouth, 9 Gray 386.

*Edward B. Sturges*, for defendant in error.—There certainly is no authority given by the legislative grant to create and maintain any permanent obstruction in any streets. Even if much stronger language had been used, the city would still have retained the control of the use of its streets, so far as to compel a use of them which would not destroy them as public highways, where such use was not absolutely essential to the corporation holding the prior

[City of Scranton v. Catterson.]

right. But the gas and water company did not place this obstruction in the street. Under the undisputed evidence in the case—when this pipe and cap was put in by the water company, its top was only one inch above the grade of the street at that point. It became an object of danger by the direct action of the city of Scranton in lowering the street, and it remained for months in this dangerous position with the full knowledge of the city officials. The offer of the charter was, therefore, immaterial.

The plaintiff below had the right in this case to look first to the municipal corporation, who in turn might seek to recover from the water company. The party injured by an obstruction or nuisance in the highway has his option to proceed against the municipality, or against the direct author of the obstruction: Angell on Highways, sects. 298–300; Dillon on Municipal Corporations, p. 927; Birmingham v. Dorer, 3 Brewster 69; Add. on Torts, p. 1316; Philadelphia v. Weller, 4 Brewster 24.

Mr. Justice TRUNKEY delivered the opinion of the court, May 3d 1880.

That the city of Scranton is clothed with the power and duty of keeping her streets in repair is conceded. No question was made but that the Scranton Gas and Water Company is a corporation, with right to enter upon the highways to occupy, ditch, lay and repair pipes when necessary; and the court charged, in answer to defendant's sixth point, that the company had the right to construct such works as the law-making power had authorized, but that the company could not put a structural obstruction in the public highway, and, if they did, and the attention of the city was called to it, followed by neglect to remove it, the city would be liable for an injury caused by the obstruction, in absence of concurrent negligence by the person injured. In answer to the fourth point, the jury were instructed that "it matters not who put the obstruction there, provided you find from the evidence the city had notice that the obstruction was there and permitted it to remain." There was no evidence to warrant the jury in finding the facts on which defendant's third point was based. In view of the evidence, the second, third and fourth assignments cannot be sustained, but it would be otherwise if the charter of the company vested them with power to erect and maintain the obstruction.

The evidence warranted a finding that the company placed the plug a long time before the accident, leaving its top about an inch above the grade, and afterwards the city lowered the grade of the street, leaving the top of the plug a number of inches above. Hence, this is wholly unlike a case where an accident occurred during the progress, or immediately after completion, of ditching.

[City of Scranton *v.* Catterson.]

and laying pipe, and before the city had notice of the construction of a nuisance.

The first alleged error, and the one mainly relied on, is the rejection of the charter of the Scranton Gas and Water Company, offered for the purpose of showing their right to put the plug in at the point of the accident; that the city has no control over it, and that they are not the servants or agents of, nor responsible to, the city. The right of the company to put the plug in at that place, or any other which they deemed necessary, was not denied; but the real question is, have the company authority to place and maintain an obstruction on the street? If so, the offer was admissible, and it was a fatal error to deny it. The charter might well have been received, and, had it been, the court would have declared its meaning. But if, on inspection, the court saw it contained nothing to the purpose of the offer, no harm was done by its rejection. The plaintiff in error has failed to point to any thing in the charter that authorizes the company to maintain a dangerous obstruction on any highway in the city. They may occupy the streets, for the necessary time, to ditch, lay and repair pipes and place plugs, but no testimony, or offer of testimony, shows that they may leave the top of a plug so far above the grade as to be dangerous to persons travelling the streets. Should they construct a dangerous public nuisance on the highway, the duty of the city, after notice thereof, is plain. If the plug was properly placed, and afterwards the city lowered the grade, thereby causing the obstruction, it was inexcusable neglect. We are of opinion that the charter contained nothing to relieve the city from liability for its sufferance of the nuisance.

Judgment affirmed.