## Frank R. Bodge v. Philadelphia, Appellant.

*Municipalities—Negligence—Electrical bureau.*

Where an electrical bureau of a city, under its ordinances, derives a revenue from grants and pays it into the city treasury, such bureau, although it neither manufactures nor sells electricity, is not a branch of the police power of the municipality; but its revenue producing department and its employees are the servants of the city and the maxim " respondeat superior" applies to their acts in conducting the business.

*Negligence—Reckless driving—Municipalities.*

In an action against a city to recover damages for personal injuries resulting from being knocked down by a team driven by an employee of the city, the question of defendant's negligence is for the jury, where the evidence for the plaintiff, although contradicted, tends to show that he stopped at a street corner, looked up and down, and seeing no vehicle near him, proceeded to cross the street, and when about half way over was knocked down by a team which had turned into the street about two hundred feet away, and which came galloping towards him.

Argued April 4, 1895.   Appeal, No. 299, Jan. T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1893, No. 348, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.

At the trial it appeared that on Feb. 27, 1893, plaintiff walked up Seventeeth street in the city of Philadelphia, and when he got to the south side of Market street he stopped at the corner, looked up and down, and seeing no vehicle near him that caused him to expect any danger, he proceeded to cross Seventeenth street, and had more than half crossed the street when he was suddenly knocked down and run over by a team driven by one of the employees of the electrical bureau of the city.   This team had come into Seventeenth street from Filbert street which was about two hundred feet north of Market street.   The testimony of plaintiff and one other witness, was that when plaintiff was struck, the horse pulling the wagon was galloping.   The court charged in part as follows:

" The city of Philadelphia, the defendant in this case, sets up as the first proposition of its defense the point that it is not liable for the negligent acts of the employees and officers of the Electrical Bureau, upon the ground that that bureau was not a department of the municipal government, but was constituted solely for the purpose of protecting the lives and property of the citizens, and in this respect was in the performance of a voluntary duty ; and hence, if injury occurred through the negligence of any one employed by that department, the city could not be held liable ; but the evidence introduced by the ordinances of councils, and the evidence of the assistant manager or superintendent of that department shows that that department derives a revenue which is paid into the city treasury, by reason of certain grants or privileges to private citizens and private corporations, and that, therefore, its management and conduct contributes to the income of the city ; and hence, for that reason, I, in the first instance, and for the purpose of this case, rule that the city is responsible for the acts of the employees of this department.

" Its employees are the servants of the city in the performance of municipal duty, for the benefit of the city, and hence we must come to the real merits of the case."

Defendant presented this point:

"Under all the evidence in this case, your verdict must be for the defendant. *Answer :* Refused."

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1) refusal of defendant's point, quoting it ; (2) in charging the jury that the Electrical Bureau was not a branch of the police power of the municipality, and that the city of Philadelphia, the defendant, was answerable in damages for the negligence of that bureau.

*Leonard Finletter*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellant, cited : Rosenberry v. City, 7 W. N. C. 558 ; Freeman v. City, 7 W. N. C. 45 ; Elliott v. City, 129 Pa. 570 ; Kies v. City, 26 W. N. C. 112 ; Knight v. City, 15 W. N. C. 307 ; Western Union Telegraph Company v. City, 22 W. N. C. 39 ; Alcorn v. City, 44 Pa. 348 ; Stull's App.; 11 W. N. C. 350 ; Boyd v. Ins. Patrol, 113 Pa. 270 ; Northampton Co. v. Lafayette College, 128 Pa. 132 ; Philadelphia v. Woman's Christian Assn., 125 Pa. 572 ; Episcopal Academy v. Philadelphia, 150 Pa. 565.

*Michael J. Ryan*, *Mark W. Collet* with him, for appellee, cited : Philadelphia v. Gilmartin, 71 Pa. 140 ; Kibele v. Philadelphia, 105 Pa. 41 ; The Giovanni v. Philadelphia, 59 Fed. Rep. 303 ; Briegel v. Philadelphia, 135 Pa. 451 ; Norristown v. Moyer, 67 Pa. 355.

PER CURIAM, April 22, 1895 :

One of the specifications alleges error "in charging the jury that the Electrical Bureau was not a branch of the police power of the municipality, and that the city . . . . was answerable in damages for the negligence of that bureau."

While said bureau neither manufactures nor sells electricity, it was conclusively shown that from certain grants or privileges to private citizens, corporations, etc., regulated by ordinance, it derives an annual revenue of about one hundred and fifty thousand dollars, which it pays into the treasury of the city. In the performance of municipal duties, for the benefit of the

city, the employees of the bureau are in fact the servants of the city, in like manner as are the employees of its gas and water departments.  " When a municipal corporation transacts business as a vendor and distributor of water, the relation of her employees is that of servants to her, and the maxim ' respondeat superior' applies to their acts and negligences in conducting this business: " Philadelphia v. Gilmartin, 71 Pa. 140, 158, and cases cited.  In Kibele v. Philadelphia, 105 Pa. 41, 45, it was said: " The city, as a manufacturer and vendor of gas, was bound to know all about its character and to take care that through the default of its officers or agents the article which it manufactured and sold was the occasion of harm to no one."

In no proper sense, can the Electrical Bureau be regarded as " a branch of the police power of the municipality."  The learned trial judge was therefore clearly right in holding that it was a revenue producing department of the municipal government, and consequently the city is liable for the negligent acts of its employees therein.

The only other specification is the refusal of the court to withdraw the case from the jury by directing a verdict for the defendant.  To have done so, would have been plain error. In view of the testimony, tending to prove that the careless and reckless driving of the employee of the Electrical Bureau was the proximate cause of plaintiff's injury, the case was necessarily for the exclusive consideration of the jury; and to them it was fairly submitted with instructions to which no exception was taken.

The judgment is affirmed.