## McHale *v.* Throop Borough.

*Negligence—Borough liability—Broken fire plug—Diversion of escaping water.*

Where it is alleged that a fire hydrant was broken by an accident and the president of the borough, after notice given, diverts the escaping water from the street on to the grounds of the plaintiff and to his injury, and the service rendered at his directions was approved by the council and was paid for out of the public funds, while the borough was not responsible for the breaking of the hydrant yet after notice, or its equivalent, of the facts, the borough was in duty bound to regard it as a source of danger and was responsible for the damages which directly resulted there-

from, and the questions of the effect of changes and repair, and whether the borough had knowledge of the damaged condition was properly for the jury.

Argued Jan. 11, 1900. Appeal, No. 15, Jan. T., 1900, by Throop Borough in suit of Thomas McHale against the Borough of Throop and the Dickson City Water Company, from judgment of C. P. Lackawanna Co., Sept. T., 1899, No. 360, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by ORLADY, J.

Assumpsit. Before SEARLE, P. J., of the 34th judicial district, specially presiding.

It appears from the record that the action was brought to recover for damages resulting from alleged negligence in not repairing a fire plug located in front of plaintiff's premises, whereby plaintiff alleged he had been damaged.

. Other essential facts appear in the opinion of the court.

Defendant presented among others the following points :

. [1. Under all the evidence the verdict must be for the defendant, the Borough of Throop. *Answer :* " We refuse to so charge you.] [1]

[5. There is no sufficient evidence of authority from the Borough of Throop to any one to dig ditches upon or adjacent to the property of the plaintiff. *Answer :* This is refused.] [9]

Verdict and judgment in favor of plaintiff and against the Borough of Throop for $200. Verdict and judgment against the plaintiff in favor of the Dickson City Water Company. The Borough of Throop appealed.

*Errors assigned* among others were (1, 9) refusing to affirm defendant's points, reciting points and answers.

*C. W. Dawson,* for appellant.—We contend that there is no duty resting upon a municipal corporation to protect its inhabitants from damage by fire by the erection of fire plugs, and the provision of other appliances for fighting . fire ; that if there is such a duty, it is purely governmental and public, and " its exercise is not hampered by the common rule of responsibility to individuals :" Thomas on Negligence, pp. 1002, 1003 ; Jones

on Neg. of Municipal Corp. secs. 26–37; Lloyd v. Mayor, 5 N. Y. 369; Maxmilian v. Mayor, 62 N. Y. 160: Ham v. Mayor, 70 N. Y. 459.

The city of Philadelphia is not liable for injuries caused by the negligent driving of a fire engine through the streets by an employee of the fire department: Knight v. Phila., 15 W. N. C. 307; Fisher v. Boston, 104 Mass. 87.

In performing acts discretionary on its part, or for the purpose of government and for the general public's good without benefits to it in its corporate capacity, a municipal corporation is not liable for the acts of appointees or officers. It is not liable for the negligence or misfeasance of its fireman or police: Freeman v. Phila., 7 W. N. C. 45; McDade v. Chester, 117 Pa. 414.

We submit that a municipal corporation under such circumstances could not be held to answer for a failure to abate an alleged nuisance of this character.

There is a wide difference between the commission of an act, which, whether committed by a municipal corporation or by a private person, would be an actionable nuisance, and the mere failure of a corporation to exercise its charter power to abate nuisances, not rendering its streets unsafe, and for the creation of which it was in nowise responsible: Allebrand v. Duquesne, 11 Pa. Superior Ct. 218; McDade v. Chester, 117 Pa. 414; Carr v. Northern Liberties, 35 Pa. 324; Lehigh Co. v. Hoffort, 116 Pa. 119.

*James J. O'Malley*, with him *I. H. Burns*, for appellee.—A municipality may not be compelled to provide a fire engine, but if it does and leaves it on the street and by reason of such obstruction damage is caused to a traveler, the municipality is liable.

That a municipality is liable for damage caused by neglect to repair a fire hydrant was expressly decided in Decker v. Scanton, 151 Pa. 241. To the same effect is also Scranton v. Catterson, 94 Pa. 202.

OPINION BY ORLADY, J., April 23, 1900:

The plaintiff brought this action of trespass against the borough of Throop and the Dickson City Water Company to re-

cover damages which he alleged had been caused by their negligence in not repairing a broken fire hydrant and in diverting water therefrom so as to flow upon his property.  On April 16, 1894, the borough of Throop was created by a decree of the court of quarter sessions of Lackawanna county, out of territory which until that time had been embraced within the borough of Dickson city.  Prior to the formation of the new borough the borough of Dickson city had entered into a contract with the Dickson City Water Company, wherein it was provided, among other things, that the water company was to connect with its mains ten water hydrants for fire purposes at points and locations to be designated by the borough, and to be purchased, placed in position and kept in repair by and at the expense of the borough.  The water company was to supply water for use in the hydrants at a stipulated annual rate.  One of these hydrants was located in front of the plaintiff's property in the new borough.  In October, 1896, a wagon was driven against this hydrant so that it was broken at or near its connection with the water main, from which defect the water flowed on to the plaintiff's property, thereby damaging it to the extent of $200, as determined by the verdict.

On the trial of the case in the court below the jury was directed to return a verdict in favor of the water company, of which action no complaint is made.  The plaintiff adduced proof to show that he gave notice of the leaking hydrant to the president of the borough council, and that repairs and changes were made at and about the broken hydrant by employees of the borough and under the direction of its officers, so as to divert the water upon his property, which changes were the direct cause of his damage.  The defendant contended that even if the borough had erected and controlled the fire hydrant, its authority over it was purely discretionary, and that its duty to erect and repair was purely governmental, consequently it was not answerable for negligence in the matter.  All that is urged by the defendant as to the duty of the borough to provide for a fire service and its liability for acts performed within its discretionary judgment may be conceded (McDade v. Chester City, 117 Pa. 414), but the responsibility of the borough to this plaintiff is founded upon very different principles.  It matters not whether the borough erected the hydrant or whether it was

on the street when the borough was incorporated; it was there on a public highway and subject to its authority. The evidence clearly shows that whether the president of council exceeded his authority, or acted without any, in making the ditch to carry away the escaping water from the broken hydrant, the service rendered under his direction was approved by the council, and was paid for out of the public funds. The hydrant of itself did not cause the plaintiff any injury; the grievance of which he complained was the water that had been diverted on to his lands by the act of the borough. · Did the borough have actual knowledge of the dangerous condition of the hydrant? Was it, under the circumstances, bound by constructive notice, and what was the effect of the changes and repairs made under the direction of the president of the council? These material questions were rightly submitted to the jury. The borough was not responsible for the damage that was caused by the breaking of the hydrant, but after notice, or its equivalent, of the facts, the borough was in duty bound to regard it as a source of danger, and was responsible for the damages which directly resulted therefrom: City of Scranton v. Catterson, 94 Pa. 202; Decker v. Scranton, 151 Pa. 241; Weir v. Plymouth Borough, 148 Pa. 566; Bohan v. Avoca Borough, 154 Pa. 404; Blizzard v. Danville Borough, 175 Pa. 479; Owens v. City of Lancaster, 182 Pa. 257. The seventeen assignments of error are all covered by the first and ninth, viz: "Under all the evidence the verdict must be for the defendant, the borough of Throop." "There is no sufficient evidence of authority from the borough of Throop to any one to dig ditches upon or adjacent to the property of the plaintiff," which were refused and the whole question was submitted to the jury under properly guarded instructions.

The assignments of error are overruled and the judgment is affirmed.