# Morgan *v.* Duquesne Borough, Appellant.

*Negligence—Boroughs—Waters—Leakage from water main—Notice.*

In an action against a borough to recover damages for injuries to real estate alleged to have been caused from the leaking of a water main, the plaintiff cannot recover merely by showing that the borough had constructed and maintained its own water works and pipes, and that the injury was caused by a leakage from one of the borough pipes. He must go further and show that the alleged injuries resulted from either a faulty or negligent construction of the defendant's water pipe, or, the same being properly constructed, that it had become out of repair and was and had been leaking so that the borough was negligent in not repairing the pipe after notice, actual or constructive, of its condition, or that the borough was guilty in failing to exercise such proper care, caution and diligence as was reasonable and prudent under the circumstances.

*Appeals—Assignments of error—Nonsuit.*
The refusal of a compulsory nonsuit is not reversible error.

Argued April 11, 1905.   Appeal, No. 122, April T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1902, No. 637, on verdict for plaintiff in case of Isabella L. Morgan v. The Borough of Duquesne.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Trespass to recover damages to real estate.   Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500.   Defendant appealed.

*Errors assigned* were as follows:

1. The court erred in refusing defendant's points, which were as follows:

That in order to hold defendant liable for damages you must first find that defendant's pipe was unsuited for the purpose under the circumstances or that if suited for that purpose that defendant was negligent in not making the necessary repairs within a reasonable time after notice having been given. *Answer:* Refused.

That before plaintiff can recover she must prove that defendant was negligent. *Answer :* Refused.

Before plaintiff can recover she must prove that sufficient notice was given defendant. *Answer :* Refused.

That under the weight of evidence plaintiff is not entitled to recover and the verdict must be for the defendant. *Answer :* Refused.

2. The court erred in refusing to grant a nonsuit.

3. The court erred in charging the jury as follows :

The plaintiff's contention is that the borough in constructing these pipes, laying these pipes in the street at that point, failed to do so properly ; that is, that the pipes have leaked or become weakened, and as a result the water leaked out and ran into the street and seeped or ran onto the property of the plaintiff, causing injury. If that is true, if the water pipes of the borough leaked, or if they broke from any cause whatever and the water ran onto the street and onto the plaintiff's property and injured her property, whatever injury resulted to her by reason of the water running upon her property, the borough would be liable for.

You will first determine whether or not the borough is responsible; whether the damage which resulted to the plaintiff's property came from water from the borough's pipe lines. If you determine that against the plaintiff, that is, that it was not the borough's water that caused the injury to the property, that is an end of the case ; you may return a verdict for the defendant.

*Fred W. Scott,* for appellant.—Plaintiff was bound to prove negligence: Rumsey v. Philadelphia, 171 Pa. 63; Hoin v. Lancaster, 13 Lancaster Law Rev. 131; Kibele v. Philadelphia, 105 Pa. 41; Childs v. Crawford County, 176 Pa. 139.

*Daniel Harrison,* for appellee, cited: Walton v. Colwyn Borough, 19 Pa. Superior Ct. 172; Bodge v. Philadelphia, 167 Pa. 492; Briegel v. Philadelphia, 135 Pa. 451; Shuter v. Philadelphia, 3 Phila. 228; Philadelphia v. Gilmartin, 71 Pa. 140; Kibele v. Philadelphia, 105 Pa. 41.

OPINION BY MORRISON, J., October 9, 1905 :

This was an action in trespass brought by the plaintiff

against the defendant to recover damages to her real estate caused, as alleged, from the leaking of one of the defendant's water mains laid along and under Third street, above and near the plaintiff's property. The case was submitted to the jury and the result was a verdict in favor of the plaintiff for $500 and judgment was entered thereon, and the defendant appealed to this court.

If the learned court adopted the correct theory of law in the trial of the case, then it is apparent from an examination of the testimony and the charge, that the trial was conducted with marked fairness to the defendant and the verdict of the jury has settled the questions in dispute and established the fact that the water plant of the defendant damaged the plaintiff's property to the amount of the verdict. No question is raised as to the measure of damages.

The learned counsel for the appellant concedes that the municipality established and owned a water plant and that it was engaged in supplying water to the inhabitants of the borough, for gain. But he contends vigorously that the plaintiff could not recover without showing that the municipality was negligent, either in the construction of its water plant or in maintaining it in a proper condition after it was constructed. He further contends that the plaintiff could not recover for an injury caused by a leak in one of said water mains without showing notice to the defendant of said leak, either actual or constructive. In short, he contends that the plaintiff's evidence was not sufficient to entitle her to recover.

It is very clear that the municipality was not engaged in governmental functions when it constructed a water plant and proceeded to sell water to the inhabitants of the borough. On this subject the learned court said to the jury: " In this case the borough chose to supply its own water, that is, to erect its own water works, to lay its pipes through the borough and to sell the water to the people living within the borough. That it had a perfect right to do, but when it engaged in the business of selling water, so far as that part of its functions were concerned it was the same before the law as a private corporation would be. We all know that municipal corporations, boroughs and cities, have some rights that other corporations do not have. It is necessary that they should have

for the protection of property and the protection of individuals within their limits, but when a municipal corporation engages in the business of selling water, or furnishing gas to the people living within the limits of the corporation, then, so far as those particular duties are concerned, it is the same as a private corporation and bound by the same rules that would govern a private corporation."

The effect of the court's instructions was to permit the jury to find for the plaintiff and assess her damages, if she established the fact that the defendant owned the water plant and mains and that the leakage of the same was the cause of the damage to the plaintiff's property, and the amount thereof. Upon this theory there was an abundance of evidence to sustain the verdict of the jury. Therefore, the only real question raised by the assignments of error is as to the soundness of this theory.

In Briegel v. Philadelphia, 135 Pa. 451, Mr. Justice MITCHELL said (p. 459): " Municipal corporations are liable for the improper management and use of their property, to the same extent and in the same manner as private corporations and natural persons. Unless acting under valid, special legislative authority, they must, like individuals, use their own so as not to injure that which belongs to another: 2 Dillon Mun. Corp. (3d. ed.), sec. 985. The particular question here involved does not seem to have been before this court but it was expressly decided in Shuter v. Philadelphia, 3 Phila. 228, by Judge SHARSWOOD, when president of the district court : ' The municipal corporation owning and occupying property for public purposes is as much subject as a private citizen to the usual -rule, sic utere tuo, ut alienum non lædas. The city is as much bound as an individual owner of a lot, to find an outlet for the water on it, without encroaching on his neighbor.' We adopt this as a correct exposition of the law."

In Bodge v. Philadelphia, 167 Pa. 492, the court said : (p. 495) " When a municipal corporation transacts business as a vendor and distributor of water, the relation of her employees is that of servants to her, and the maxim ' respondeat superior ' applies to their acts and negligences in conducting this business : " Phila. v. Gilmartin, 71 Pa. 140, 158 and cases cited. In Kibele v. Phila., 105 Pa. 41, 45, it was said : " The city as

a manufacturer and vendor of gas, was bound to know all about its character and to take care that through the default of its officers or agents, the article which it manufactured and sold was the occasion of harm to no one."

The above and kindred cases clearly establish the doctrine that the borough defendant may be liable on the same theory on which a private corporation or natural person is held to respond in damages in cases of injury resulting from negligence. In this action of trespass the plaintiff's right to recover depends upon her injury resulting from the negligence of the defendant. Therefore, she was bound to show that the alleged damages resulted from either a faulty or negligent construction of the defendant's water line or, the same being properly constructed, it had become out of repair and was and had been leaking so that the borough was negligent in not repairing the line after notice, actual or constructive, of its condition, or that the borough was guilty of negligence in failing to exercise proper care, caution and diligence; such care, caution and diligence as, under the circumstances, reasonable and ordinary prudence would require to be exercised. As was said in Kibele v. City of Philadelphia, 105 Pa. 41, (see p. 44): "It may consist as well in not doing the thing which ought to be done, as in doing that which ought not to be done, when in either case it has caused the loss and damage to another. Hence, in this case, one question to be determined is, whether the municipality acting through its officials, failed to exercise such care and diligence in not ascertaining the nuisance, and in not removing it prior to the injury sustained by the plaintiff."

In the case under consideration the defendant might be liable, (1) under actual notice; (2) under constructive notice; and (3) if the officers of the borough could and ought to have ascertained that the line was leaking and for some time had been damaging the plaintiff's property, provided, they had used such reasonable care and diligence in the inspection and examination of their line as they ought to have done.

The first assignment of error as a whole cannot be sustained because the points upon which it is predicated requested the court to instruct the jury : (1) that plaintiff could only recover on account of the negligence of the defendant after notice given; (2) that before plaintiff can recover she must prove defendant

was negligent. As to this point standing alone we think the court erred in refusing it. The plaintiff's right to recover depended upon the negligence of the defendant; (3) "Before plaintiff can recover she must prove that sufficient notice was given defendant." This point was rightfully refused; (4) "That under the weight of evidence plaintiff is not entitled to recover and the verdict must be for the defendant." Under the evidence this point could not have been affirmed.

The second assignment is: "The court erred in refusing to grant a nonsuit." This assignment is not sustained. The refusal of a compulsory nonsuit is not reversible error. This has been so often decided that we will refer but to a single case; Beard v. Reading City Pass. Railway Co., 3 Pa. Superior Ct. 171.

The third assignment in substance raises the question that the court erred in instructing the jury, practically, that if the water from the defendant's pipe line flowed upon the property of the plaintiff and damaged the same, then the jury should proceed to assess the damages. In substance, the learned court charged that the borough was liable if the water from its line injured the plaintiff's property and this without notice and without a finding that the defendant was guilty of negligence. In this view of the law we think the learned court erred. The burden rested upon the plaintiff of showing that her damages resulted from the negligence of the defendant and this she could have done by showing the injury to her property by the water escaping from the defendant's line, followed by evidence of unreasonable neglect in repairing the line after actual notice, or for so long a time that the jury could infer negligence on the part of the borough officials in not discovering the defect in the line even without notice. The borough cannot defend as a matter of law because its officials had neither actual nor constructive notice. There may be a recovery on the ground of the negligence of the borough officials in not making reasonably careful inspection of its water lines from time to time. All of these questions of notice and negligence in failing to discover and remedy the defects in the water line were properly for the consideration of the jury.

Some of the cases in point are Kibele v. City of Phila.,105 Pa. 41; Rumsey v. Phila., 171 Pa. 63, and Ottersbach v.

Phila., 161 Pa. 111. These and many other cases which might be cited clearly show that under the pleadings in the present case the plaintiff might recover on the ground of the negligence of the borough officials. The defendant denied its negligence and denied notice, thus making the questions of negligence and notice and the inferences to be drawn from the facts proved, matters for the consideration of the jury. But the learned judge seems to have submitted the case to the jury on the theory that there could be a recovery without establishing the fact that the plaintiff's alleged damages resulted from the negligence of the borough officials. Under all of the cases there was error in permitting a recovery on the following theory : "if the water pipes of the borough leaked, or if they broke from any cause whatever and the water ran onto the street and onto the plaintiff's property and injured her property, whatever injury resulted to her by reason of the water running upon her property, the borough would be liable for." This instruction entirely withdrew from the jury the element of negligence on the part of the defendant. Surely if the borough had properly constructed its water works and had used proper and reasonable care in inspecting and keeping the same in good order, and an accident had occurred, not based upon the negligence of the defendant, which caused the water to escape from the lines and damage the plaintiff, there could have been no recovery.

The third assignment of error is sustained and the judgment is reversed with a new venire.