## Schwindt *v.* Lehigh Water Company, Appellant.

*Negligence—Water company—Bursting of main—Failure to inspect.*

In an action against a water company to recover damages to property resulting from the bursting of a water main in a street, a verdict and judgment for plaintiff will be sustained, where it appears that the main had been in the street for nearly fifty years, that it had originally been subjected to a pressure of sixty pounds, but that for some time prior to the accident the pressure had been increased to 110 pounds, that for two years before the accident the surface had from time to time settled in front of plaintiff's premises, indicating some trouble beneath, but that the defendant had neglected to inspect the main or remedy the trouble.

Argued Dec. 4, 1906.    Appeal, No. 36, Oct. T., 1906, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1905, No. 24, on verdict for plaintiff in the case of Mary Schwindt v. Lehigh Water Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Trespass to recover damages for injuries to property by the bursting of a water main.    Before SCOTT, J.

The facts appear by the opinion of the Superior Court.

Verdict for plaintiff for $1,035.64 on which judgment was entered.    Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*J. W. Wilson*, for appellant.

*H. J. Steele*, for appellee.

OPINION BY ORLADY, J., February 25, 1907 :

The defendant requested the court to give binding instructions in its favor, and not succeeding in this, entered a rule for judgment non obstante veredicto which was also resolved against it.    The burden of its contention now is, that the court erred in both instances.

The undisputed testimony shows that its water main, a cast iron pipe, had been in the same location it occupied when the plaintiff's premises were flooded for at least forty-six years. When originally constructed and for many years thereafter it had been under a pressure of about sixty pounds to the square inch, but for some time prior to the accident this pressure had been increased by a gravity system to 110 pounds.

At least two years before the accident happened a trench had been dug in the street in front of the plaintiff's premises in order to effect a sewer connection, in close proximity to defendant's water main, which was between four and five feet beneath the surface of the street. Soon after this trench was filled up it became apparent from the persistent settling of the soil that there was some unusual condition affecting the place. The only thing done to relieve the difficulty was to deposit soil and ashes in the depression from time to time as the surface settled. The city engineer directed the plumber who had made the sewer connection to remedy the defect. The same means were applied several times, but without being successful, and the municipal authorities were notified of his inability to restore and preserve the surface. There was no attempt made by the defendant to discover the cause of this subsidence of the ground, and it contends, that as the uncontradicted testimony in the case shows that there is as yet no known limit to the life of a cast iron water pipe in the ground, it was not reasonably bound to anticipate a break or fracture of its pipe as the cause of the settling of the street. The court could not say as a matter of law that the defendant should, or should not, have foreseen the exact cause inducing the street depression. The source of trouble was hidden, but it was right along or under the water main, and it is well known that accidents will happen in all concerns of human life, to all kinds of human agencies. The duty of the defendant under such circumstances was fairly defined by the trial judge in submitting that question of fact to the jury, viz : " In the exercise of such care as an ordinarily prudent man would be required to make, was it incumbent upon them to make an inspection at different times and at periodical intervals along the lines upon the surface under which the pipes lay to ascertain whether or not there were any appearances of danger ? Was there any reason

to apprehend injury at any point anywhere along the line of the system?" It must be conceded that there was some unusual agency at work under the street, and whether it was originally due to a break in the pipe, or whether the break was caused by the subsidence of the soil under or around the pipe, or induced by independent causes, is not the controlling question to determine the defendant's liability. True, the water did not rise to the surface, but the settling of the street plainly indicated that the ground about the pipe was either settling to lower levels, or was being washed away through channels beneath the surface. This much, at least, the defendant should have known, and after two years of public notice of the facts it must be presumed to have had constructive notice of the condition then apparent to anyone. It may be that the water in the mains of such a service is not so dangerous as gas, but it may become dangerous when the pressure is practically doubled in pipes which have been in use for nearly half a century.

It is peculiarly appropriate that evidence of the character involved in this case should be submitted to the determination of a jury: Shirey v. Consumers' Gas Co., 215 Pa. 399; Hartman v. Gas Co., 210 Pa. 19; Olive Stove Works v. Gas Co., 210 Pa. 141.

The rule of law in such cases has been frequently laid down to be that, negligence is the absence of such proper care, caution and diligence as under the circumstances reasonable and ordinary prudence would require to be exercised. It may consist as well in not doing the thing which ought to be done, as in doing that which ought not to be done, when in either case it caused the loss or damage to another: Fritsch v. Allegheny City, 91 Pa. 226; Kibele v. Philadelphia, 105 Pa. 41; Bodge v. Philadelphia, 167 Pa. 492.

In this case the cause of the plaintiff's damage was unquestionably the broken water pipe, which is spoken of as an old fracture. There was no effort on defendant's part to locate or stop it, though the evidence of something being wrong about the pipe was plainly visible for nearly two years. Whether such supervision of its plant was due diligence was a question of fact for the jury: Koelsch v. The Philadelphia Co., 152 Pa. 355; Rumsey v. Philadelphia, 171 Pa. 63; Morgan v. Du-

quesne Borough, 29 Pa. Superior Ct. 100 ; Devlin v. Beacon Light Co., 198 Pa. 583 ; Helbling v. Allegheny Cemetery Co., 201 Pa. 171.

None of the assignments of error can be sustained and the judgment is affirmed.