## Herron v. Duquesne Borough, Appellant (No. 1).

*Negligence—Waters—Leakage from water main—Borough.*

In an action against a borough to recover damages for injuries to real estate, alleged to have been caused from the leaking of a water main, the plaintiff cannot recover merely by showing that the borough had constructed and maintained its own waterworks and pipes and that the injury was caused by a leakage from one of the borough pipes. He must go further and show that the alleged injuries resulted from either a faulty or negligent construction of the defendant's water pipe, or, the same being properly constructed, that it had become out of repair and was and had been leaking so that the borough was negligent in not repairing the pipe after notice, actual or constructive, of its condition, or that the borough was guilty in failing to exercise such proper care, caution and diligence as was reasonable and prudent under the circumstances.

Argued April 10, 1907.   Appeal, No. 172, April T., 1907, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 74, on verdict for plaintiff in case of Joseph A. Herron et al. v. Duquesne Borough.   Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Trespass to recover damages to property caused by leakage of a water main.   Before SHAFER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,026.   Defendant appealed.

*Errors assigned* were (1, 2) the instructions quoted in the opinion of the Superior Court.

*Charles B. Payne*, for appellant.

*John G. Frazer*, with him *Reed, Smith, Shaw & Beal*, for appellee.

OPINION BY BEAVER, J., October 7, 1907:

The claim of the plaintiffs in the court below was for damages, resulting to a dwelling house, caused by negligence in the construction and maintenance of a water pipe belonging

to the defendant municipality, laid along Patterson avenue above the dwelling, the lot upon which the same was erected being upon a hillside which inclined at a sharp angle to Center street, 120 feet below.

The pipe referred to was a part of the general water system owned by the municipality, through which the inhabitants of the borough were supplied with water.

The assignments of error relate to the refusal of the court to affirm two several points for charge, the first of which was:

" If the jury believe, from the evidence, that the land on which the plaintiffs' house stood and on which Patterson avenue is laid out, all slipped down the hill together, thus causing damage to the plaintiffs' house, and also moving the borough's water line and causing it to leak, the verdict should be for the defendant."

Although the reasons for the refusal of the court to affirm this point are not distinctly stated, they become very clearly apparent from the general charge, in which the trial judge said : " The plaintiffs' claim is that the negligence of the borough consisted in allowing this break to continue after it was known, and not repairing at once. That is the only ground on which the plaintiffs can recover here. If this damage was all done suddenly, at once, as soon as this break occurred, then the plaintiffs could not recover anything, because there is no evidence that the borough was liable for it; but, as I understand it, the plaintiffs' claim is that the continued running out of this water from the main for two or three months undermined these houses and that, while that was going on and before the injury was done, the borough had notice of the break. If that is true, that the borough had notice of the break and allowed it to run after they knew it was broken, and the break caused the damage, then the borough would be liable for the damage." This is a practical affirmance of the point, with the qualification that if, after the break, the borough negligently allowed the water to escape and thereby injured the plaintiffs' property, it would be liable.

This question was fully considered by us in Morgan v. Duquesne Borough, 29 Pa. Superior Ct. 100, in which it was held, as per syllabus, that, " In an action against a borough to recover damages for injuries to real estate, alleged to have

been caused from the leaking of a water main, the plaintiff cannot recover merely by showing that the borough had constructed and maintained its own water works and pipes and that the injury was caused by a leakage from one of the borough pipes. He must go further and show that the alleged injuries resulted from either a faulty or negligent construction of the defendant's water pipe, or, the same being properly constructed, that it had become out of repair and was and had been leaking so that the borough was negligent in not repairing the pipe after notice, actual or constructive, of its condition, or that the borough was guilty in failing to exercise such proper care, caution and diligence as was reasonable and prudent under the circumstances." In that case, the judgment of the court below was reversed upon grounds which do not in any way affect the principle here involved, and the ruling of the court below was in accordance with that opinion. See also McHale v. Throop Borough, 13 Pa. Superior Ct. 394, and the cases there cited.

This is practically the entire case, and, inasmuch as there was evidence of notice to the borough authorities that the leak had occurred and was doing damage to the plaintiffs' property and that no repairs were made to the pipes for a considerable time, a question of fact was necessarily raised which carried the case to the jury. The court was undoubtedly right, therefore, in refusing the third point for charge, embraced in the second assignment of error—" That, under all the pleadings and evidence in the case, the verdict should be for the defendant." The case was clearly for the jury and, in submitting it, the question of the negligence of the defendant was held by the court to the narrowest possible limits.

Judgment affirmed.