## Zimmer *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defective water pipe.*

1. Where by reason of a faulty construction of a line of water pipe, or because after construction such pipe becomes out of repair, a leak results causing damage, the municipality is liable if it fails to exercise such diligence and care as ordinary prudence would require under the circumstances after notice, actual or constructive, of the defect.

2. In an action against a city to recover for injuries to a house alleged to have resulted from a break in a water pipe, the case is for the jury where the plaintiff produces evidence tending to show that the street had settled at or near the place where the break occurred; that irregularities and depressions existed in the surface sufficient to create the impression that a defect existed in the water main; that the street was in a wet condition at this point, and had so continued for a long time; that after the repair of the pipe the wet condition was not observed; and that in the opinion of a mechanical engineer called by the plaintiff the fracture in the pipe was an old one from which the water had been leaking for a long time. Such evidence makes out a prima facie case for the plaintiff, and is sufficient to put the city on proof.

Argued Dec. 12, 1913.    Appeal, No. 150, Oct. T., 1913, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 4,626, on verdict for plaintiff in case of Lawrence Zimmer v. City of Philadelphia. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Trespass to recover damages for injuries to a house. Before MAGILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $572.35.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John H. Minds,* assistant city solicitor, with him *Joseph A. Dolan* and *Michael J. Ryan,* city solicitor,

for appellee, cited: Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Fritsch v. Allegheny, 91 Pa. 226; Stearns v. Spinning Co., 184 Pa. 519; Diver v. Singer Mfg. Co., 205 Pa. 170; Dalton v. Towanda Borough, 215 Pa. 402.

*Thomas A. Fahy*, with him *Walter T. Fahy*, for appellee, cited: Briegel v. Philadelphia, 135 Pa. 451; Bodge v. Philadelphia, 167 Pa. 492; Philadelphia v. Gilmartin, 71 Pa. 140; Kibele v. Philadelphia, 105 Pa. 41; Morgan v. Duquesne Boro., 29 Pa. Superior Ct. 100; Delaware & Hudson Canal Co. v. Goldstein, 125 Pa. 246; Koelsch v. Philadelphia Co., 152 Pa. 355.

OPINION BY HENDERSON, J., April 20, 1914:

The principle involved in this case is not in doubt. Municipal corporations are liable for negligence in the management of their property in the same manner as individuals and private corporations are liable: Briegel v. Philadelphia, 135 Pa. 451; and this rule of duty applies in the distribution of water as in other relations of the municipality to its inhabitants. The negligence of the city's servants in the maintenance of its water pipe system is attributable to the employer: Bodge v. Philadelphia, 167 Pa. 492. Where, therefore, by reason of a faulty construction of a line of pipe or because after construction it became out of repair, a leak resulted causing damage the municipality is liable if it failed to exercise such diligence and care as ordinary prudence would require under the circumstances after notice, actual or constructive of the defect. The subject is discussed in Morgan v. Duquesne Boro., 29 Pa. Superior Ct. 100, and numerous authorities are there cited sustaining the principle announced. The plaintiff's case grows out of a break in a water main located under the surface of Twenty-ninth street a short distance north of Lehigh avenue. The pipe was about four feet in diameter and a large volume of water flowed down Lehigh

avenue and into the cellar of the plaintiff on Oakdale street. The fact of the injury and its extent are not in dispute, the controversy being with regard to the sufficiency of the plaintiff's evidence to take the case to the jury. The evidence presented by the plaintiff was competent and tended to show that a fracture in the pipe had existed for a long time; that water had leaked through the pipe for some months; that the street had settled at or near the place where the break occurred and that irregularities and depressions existed in the surface sufficient to create the impression that a defect existed in the water main. Some of the witnesses testified that there was a wet condition of the street at the intersection of Lehigh avenue, that this had continued for a long time and that after the repair of the pipe the condition was not observed. A mechanical engineer called by the plaintiff examined the broken pipe and found as he alleged evidence that there was an old fracture and that water had been leaking from the pipe for a long time. Assuming that the evidence of these witnesses is true as the jury has found it to be an explanation is given of the settling of the street and the wet condition of the surface at the place described by the witnesses, and this evidence while not of the most convincing character was sufficient to establish a prima facie case and put the defendant on proof as is shown in Schwindt v. Lehigh Water Co., 33 Pa. Superior Ct. 23, and Koelsch v. Phila. County, 152 Pa. 355. The actual condition of things under the surface before the accident could not be observed; it could only be inferred from appearances noticeable on the surface. It was not for the court to say that the wet condition of the street existing for a long time and the evidences of settling or disturbance of the soil below the paving gave no indication that the water pipes were out of repair. The settling of the street was held to be a sufficient fact to put the defendant on notice in the case of Schwindt v. Lehigh Water Co., 33 Pa. Superior Ct. 23. The evidence

offered by the defendant was quite contradictory of the plaintiff's testimony, but the weight of the evidence on the respective sides was a subject to which the trial court gave consideration in disposing of the motion for a new trial and is not now to be taken into account. We have only to decide whether binding instructions should have been given for the defendant. We are not convinced that the trial court was in error on this subject.

The judgment is, therefore, affirmed.