Boyle, Trustee, *v.* Pittsburgh, Appellant.

Argued May 1, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Ernest C. Reif,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellant.

*C. J. Tannehill,* for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

This is an action in trespass because of damage caused to the basement of the plaintiff's church by the breaking of a four inch municipal water line under the public street at the side of the church. The line which broke connected the six inch main under the middle of the street with a fire hydrant at the sidewalk. The leakage into the plaintiff's church from this broken water pipe began during the first week of January, 1936, and continued without interruption up until the final bursting and flooding of the basement of the church on the night of February 22, 1936. The four inch pipe leading from the six inch main to the fire hydrant was about twelve feet long and was a part of the regularly constituted water system of the municipality which was used for supplying water. Actual notice was given to the defendant repeatedly during the above period that water was leaking into the church from the Pearl Street side, but defendant failed and neglected to inspect and repair the defective pipe from which the water emerged and the damage ensued.

The jury returned a verdict in favor of the plaintiff in the sum of $2,500. The defendant filed a motion for judgment non obstante veredicto, after refusal of binding instructions. In an opinion written by the trial judge, THOMPSON, J., the defendant's motion for judgment n. o. v. was overruled and judgment entered on the verdict. This appeal followed.

The facts are not in dispute.

The contention of appellant is that the fire hydrant is maintained by defendant exclusively for fire fighting purposes and that the four inch pipe which was defective served no purpose except to connect with the fire hydrant; that this was in the exercise of a governmental function and that the city is therefore not liable in this action. Appellant relies on *Devers v. Scranton City*, 308 Pa. 13, 161 A. 540; *Scibilia v. Philadelphia*,

279 Pa. 549, 124 A. 273, and kindred cases. We find no fault with these cases but do not believe that they apply in the instant case.

The hydrant of itself did not cause the plaintiff any injury. The break was not in the hydrant, but in the four inch pipe leading to the hydrant. There was no way to shut off the flow of water from the six inch main to the four inch branch. Water which flowed into the four inch branch came through the six inch main. It was all one system.

The negligence of the municipality here consists in its failure and neglect to inspect and repair this four inch branch after it had ample and repeated notice that the water therefrom was leaking into the basement of plaintiff's church.

Quoting from the opinion of the court below: "The jury was carefully instructed by the trial judge as to non-liability of the city for damages occasioned through the exercise of its governmental functions, and one of the facts submitted to the jury for determination was whether this accident happened through a defect in apparatus of the Fire Department or of the Water Department of the City, and the jury was instructed that the supply of water by the City was, under the law of this State, one of its proprietary rather than governmental activities. ...... and there was ample evidence that the City Water Department rather than the Fire Department had undertaken not only the original construction, but all the maintenance and repair of the pipe in question."

The testimony established that this old four inch branch pipe was laid in 1873; that the six inch water line in Pearl Street, to which the four inch branch was joined, was used for general distribution of water to the citizens; that when the six inch water main in the street was renewed in 1900 they just left the old four inch branch leading to the fire hydrant in there; that

the pressure of the water on this four inch branch was forty-two pounds per square inch.

In *McHale v. Throop Borough,* 13 Pa. Superior Ct. 394, a water hydrant was broken when struck by a wagon. The borough was not responsible for the operation of the wagon and the breaking of the hydrant. But, the borough was liable for neglecting to take proper precautions to repair the leak, after due notice, so as to prevent damage to the property of the plaintiff. The defendant in the Throop case made the same contention that the City of Pittsburgh is making in the case at bar, namely, "governmental function". But this court, in an opinion written by Judge ORLADY, decided that the municipality was liable. Judge ORLADY said, p. 398 : "The borough was not responsible for the damage that was caused by the breaking of the hydrant, but after notice, or its equivalent, of the facts, the borough was in duty bound to regard it as a source of danger, and was responsible for the damages which directly resulted therefrom." Judgment in favor of the plaintiff was affirmed.

In *Dunstan v. City of New York,* 91 App. Div. Rep. 355, the flooding of the plaintiff's property was caused by a break in a four inch branch which connected the main water line in the street to a fire hydrant in front of the neighboring premises. These pipes had been in the ground about sixty years. Actual notice was given to the Department of Water Supply of the City of New York of the leaky condition. The City of New York set up the exact contention which the City of Pittsburgh is here attempting to use. But the New York court held that the city was liable, and affirmed a judgment in favor of the plaintiff. The crux of the opinion in the Dunstan case seems to be that, even though the negligent act of a third party caused the breaking of the pipe, yet that does not necessarily relieve the city from liability for its failure to take precautions within a reasonable time, after notice, to prevent damage from the escape of water.

In the New York case, just as in the instant case, the fire hydrant was connected by lateral pipes with the mains which are used for supplying the city and its inhabitants with water and from which the city received revenue. The New York court said it would not do to relieve the city from liability for negligence in failing to keep this lateral pipe connecting the hydrant with the main in repair upon the theory that it was constructed and used solely for fire purposes.

In *City of Chicago v. Selz, Schwab & Co.*, 202 Ill. 545, the pipe and hydrant were placed in the ground about twenty-seven years before the damage was done, and the system of water works was constructed for the double purpose of protection against fire and supplying the inhabitants of the city with water and was used for both purposes ever since. The court there held that since the injury to the plaintiff did not arise from negligence in the use of the hydrant for the purpose of extinguishing fire that the city was liable for damage caused by its negligence in failing to repair the leaking pipe.

In *Stifel et al. v. City of St. Louis*, 181 S. W. 577, we find that the appellate court of the State of Missouri held that where a municipality maintained a water system and as a part thereof and in connection therewith had fire plugs on branch lines, that the municipality cannot escape liability for neglecting to maintain and repair these branch lines, by saying that it was simply acting in a governmental capacity.

We believe that the case was properly disposed of in the court below.

Judgment affirmed.