## Balashaitis et ux., Appellant, v. Lackawanna County.

84

Submitted January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Paul Dzwonchyk, Stanley F. Coar* and *David J. Reedy*, for appellants.—The county was liable: County Commissioners' Petition, 255 Pa. 88; Bodge v. Phila., 167 Pa. 492; Briegel v. Phila., 135 Pa. 451; Fox v. Phila., 208 Pa. 127; Scibilia v. Phila., 279 Pa. 549; Dixon v. Twp., 49 Pa. Superior Ct. 148.

*Taylor & Lewis* and *Ralph W. Rymer*, for appellee.— The county of Lackawanna can not be made responsible for the negligent act of one of its employees while operating a motor vehicle upon a highway in the course of

his employment: Bucher v. Northumberland Co., 209 Pa. 618; Hubbard v. Crawford Co., 221 Pa. 438; Cousins v. Butler Co., 73 Pa. Superior Ct. 86; Collins v. Com., 262 Pa. 572; Scibilia v. Phila., 279 Pa. 549.

OPINION BY MR. JUSTICE SCHAFFER, March 18, 1929:

In this action plaintiffs seek to recover damages from the County of Lackawanna, for personal injuries and for the loss of an automobile, caused by the alleged negligence of an employee of the county in causing a truck, which he was driving belonging to it, to collide with plaintiff's automobile, in which they were riding.

The trial judge was of the opinion that at the time of the collision defendant's truck was engaged in the performance of a governmental function and also that the county could be held liable for the torts of its servants only as the result of some statute fixing liability, and for these reasons entered a compulsory nonsuit against plaintiffs, which the court in banc refused to take off; from this refusal plaintiffs appeal.

The truck in question had been engaged in transporting workmen employed by the county, from the City of Scranton, the county seat of Lackawanna County, to a point about ten miles from the city, where a county road was out of repair. The workmen, who were taken there for the purpose of putting the road in condition, were left at the scene of their labors and the truck returned to the City of Scranton; while traversing one of its streets the alleged negligent collision took place.

Plaintiffs argue that the Act of May 11, 1911, P. L. 244, provides that the duty of keeping county roads in repair shall devolve upon the county and that in Clark v. Allegheny County, 260 Pa. 199, we decided that the statutory mandate to repair imposed upon the county liability for damages due to its failure to do so. They also argue that Brooks v. Buckley & Banks, 291 Pa. 1, Bodge v. Phila., 167 Pa. 492; Briegel v. Phila., 135 Pa.

451, and Fox v. Phila., 208 Pa. 127, point the way to their right of recovery and that they are within the exceptions adverted to in Scibilia v. Phila., 279 Pa. 549, so far as injuries ascribable to the highways are concerned.

If the collision which injured them had been caused by a defect in a county highway, there might be strength in appellants' position, but such is not the fact. It happened ten miles from the county road, to which the highway repairmen had been transported and had no relation whatever to the county road or its lack of repair. The mere fact that the truck had been used to carry the county's employees to their work of repairing one of its roads would not bring the case within the exception pointed out in the Scibilia Case, much less would it when the truck had terminated its function in this regard. To warrant a recovery, plaintiffs must prove that the truck was not engaged in some governmental function of the county, and this they have not done, or be able to point to some statute fixing the county with liability such as the Act of May 11, 1927, P. L. 886, section 620, which provides that every county shall be liable for damages caused by the negligent operation of an automobile by its employee upon a highway. This act has no application to the pending case, as it was passed subsequent to the happening of the accident. "Counties are very generally recognized as quasi-corporations upon which duties wholly involuntary are imposed. They possess no power and can incur no obligations not authorized by statute": Bucher v. Northumberland Co., 209 Pa. 618; Hubbard v. Crawford Co., 221 Pa. 438; Cousins v. County of Butler, 73 Pa. Superior Ct. 86.

We think what was said in the Scibilia Case, in which the authorities were exhaustively reviewed, covers the situation which we have in the instant case. The syllabus of that case correctly sums up the law as the opinion announces it: "The implied common law liability or nonliability of a municipality for the torts of its servants depends upon the character of service they were

performing at the time of the injury. If they were acting for the city in its corporate or business capacity, the municipality may be held liable; but if they were performing duties of a public or governmental character, there is an immunity from municipal liability." As was pointed out by the present Chief Justice in that opinion (p. 555) : "Where recovery of damages was allowed for injuries growing out of the negligent construction or maintenance of highways, since in some of these cases the courts have said that the governmental agencies were liable, and the rule of respondeat superior applied, because such negligence represented a breach of an imperative duty expressly imposed by the state on the municipalities, we must also notice that in several of our opinions we have taken occasion to point out that the decisions, fixing municipalities with responsibility for damages in this particular kind of case, are in a class by themselves, depending more on long established precedent than on fixed rules or pure logic;......the explanation of the highway cases may more probably be found in historic reasons than in general rules, or by the process of legal or logical deduction therefrom;...... when the latter methods are pursued, it will be seen that if a breach of duty imposed be accepted as the sole or controlling criterion by which to judge questions of liability in cases of negligence toward others on the part of municipal employees, then, since, so far as legislative mandates are concerned, the duty to organize and maintain police and fire service is just as mandatory in cities ......as to construct and maintain highways, such a breach could as well give rise to the right to sue for damages growing out of the negligence of the police or firemen as of employees in charge of, or working on, the construction or repair of highways; yet it has repeatedly been held that, except where a right to recover is expressly given by act of assembly, no suit lies against municipalities for negligence of their police or fire departments......The ground of these latter decisions is

that, even though a city is required to render a particular service to the public, it will not be liable for injuries inflicted in the performance of that duty if the service was of a governmental character, delegated to the city to be performed on behalf of the sovereign state. Marked exceptions to this rule, such as the highway, public works and nuisance cases, do not affect the general principle."

In Kelley v. Cumberland County, 229 Pa. 289, which was an action to recover damages for personal injuries alleged to have been caused by the negligence of the county in repairing a county road, it was said: "In the matter of liability for negligence the law makes a clear distinction between municipal corporations proper, such as cities and boroughs, and such subdivisions as are only quasi corporations, as counties and townships. But the distinction, whatever its grounds, or precise boundaries, or difficulties in its application, is well established; and the latter class of corporations (quasi) is considered to be impliedly liable (unless the legislation negatives such liability) for wrongful acts done in what is termed their private or corporate character, and from which they derive some special or immediate advantage or emolument, but not as to such acts done in their public capacity as governing agencies, in the discharge of duties imposed for the public or general (not corporate) benefit."

As the law existed at the time plaintiffs suffered damage there was no liability upon the county.

The judgment is affirmed.