## Steele v. McKeesport, Appellant.

Argued October 2, 1929. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Oliver K. Eaton,* with him *Harry M. Jones,* for appellant.—The action of the police officer was the act of a governmental officer for which the city would not be liable in the absence of notice: Scibilia v. Phila., 279 Pa. 549; Jameson v. Phila., 282 Pa. 207.

*Thomas M. Marshall,* of *Marshall & Marshall,* with him *R. A. Hitchens,* for appellee.—There is a mandatory duty imposed on a municipality to keep its streets in a safe condition: McKim v. Phila., 217 Pa. 243; Clamper v. Phila., 279 Pa. 385.

The City of McKeesport was under no obligation to rope off the street in front of the newspaper, but, having undertaken to do so, it was under an obligation to safe-

guard drivers on the street from dangerous obstructions: Weber v. Harrisburg, 216 Pa. 117; Ackley v. Twp., 32 Pa. Superior Ct. 487; Kies v. Erie City, 169 Pa. 598.

OPINION BY MR. JUSTICE SCHAFFER, November 25, 1929:

It was election night in the City of McKeesport and its people were stirred over the choice of a mayor. A newspaper was bulletining the returns as received and a large crowd had gathered in the street in front of its offices to read the announcements. Police officers, apprehending danger to the people, stretched a rope around the place occupied by them and across the highway, for their protection. Whether a warning light was displayed on the rope was controverted on the trial. Plaintiff, driving his automobile along the street shortly after the crowd had dispersed, ran into the rope and thereby injured himself and his car. He brought this suit against the city to recover the damage done him and obtained a verdict; judgment was entered and there followed this appeal by the municipality.

While there are a number of questions raised, one it is claimed lies athwart any right of recovery: Were the police in putting up the rope exercising a police or governmental duty? If they were, recovery must be denied. It should be kept in mind that the rope was placed, not because of any defect in the street nor to protect travelers on the highway owing to an unsafe condition therein, but to protect the crowd of people in the street from anticipated danger to them. In this respect, the case differs from the highway defect cases in which recovery has been permitted, such as Clamper v. Phila., 279 Pa. 385; Kuhns v. Upper Allen Twp., 57 Pa. Superior Ct. 386. Here it was a police governmental act, one of the most characteristic in that category, designed to protect the citizens congregated in the street, that brought about the injury to plaintiff. It certainly could not be

successfully maintained that had the collision been with one of the policemen himself in the darkened street, there to protect the assembled people, recovery could be had; we can see no difference in principle between colliding with him and with an instrumentality which he had interposed for their protection. We have had occasion quite recently to review the legal principles here involved in Scibilia v. Phila., 279 Pa. 549, and Balashaitis v. Lackawanna Co., 296 Pa. 83, and what was said in them need not be repeated further than to point out that in the Scibilia Case (page 556) we said, "it has repeatedly been held that, except where a right to recover is expressly given by act of assembly, no suit lies against municipalities for negligence of their police or fire departments. ...... The ground of these latter decisions is that, even though a city is required to render a particular service to the public, it will not be liable for injuries inflicted in the performance of that duty if the service was of a governmental character, delegated to the city to be performed on behalf of the sovereign state. Marked exceptions to this rule, such as the highway, public works and nuisance cases, do not affect the general principle."

Having reached the conclusion that the act here complained of was performed by the police in the exercise of a governmental duty, recovery by plaintiff must be denied.

The judgment is reversed and is here entered for defendant.