Bandos et al., Appellants, *v.* Philadelphia.

Argued April 22, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and MAXEY, JJ.

*Maurice G. Weinberg,* for appellants.—The motion to take off nonsuit should have been granted: Scibilia v. Phila., 279 Pa. 550.

*A. Balfour Brehman,* Assistant City Solicitor, with him *Augustus Trask Ashton,* City Solicitor, and *G. Coe Farrier,* for appellee.—The motion to take off nonsuit should not have been granted: Balashaitis v. County, 296 Pa. 83.

OPINION BY MR. JUSTICE MAXEY, May 25, 1931:

Plaintiffs brought an action in trespass against the City of Philadelphia for injuries sustained by the minor plaintiff, who while she was walking upon the sidewalk was run over by a horse-drawn vehicle which was then engaged in carrying ashes and refuse to a city dump. At the close of plaintiff's case a nonsuit was entered upon the ground that the municipality was exempt from liability for the negligence set up because "the gathering and disposal of refuse and ashes is primarily a health measure, and hence a public or governmental measure within the police power."

The action of the court below in entering a nonsuit is in accord with our decision in Scibilia v. Phila., 279 Pa. 549. There we said: "The city, in the present instance, was engaged at the time of the accident in gratuitously rendering service of 'a public character, for a high order of public benefit' " when its automobile truck then engaged in carrying ashes from a centralization plant of the city to one of its dumps injured the plaintiff. This case was followed by Balashaitis v. Lackawanna Co., 296 Pa. 83, decided in 1929.

Appellants now contend that liability is placed upon the city by the Act of May 11, 1927, P. L. 886, known as "The Vehicle Code." They call attention to section 1032 of this act, which section carries the title, "Drivers of State, County, and City Vehicles Subject to Provisions of the Act." This section refers to *drivers,* but it does not refer to *owners* or impose liability upon them. The other sections of the Act of 1927 cited by appellants, i. e., sections 1001 and 1029, also relate to *drivers,* not *owners* of vehicles. Section 1025, also cited by the appellants,

refers neither to drivers nor owners, but to stopping on highways and parking.

In Balashaitis v. Lackawanna Co., supra, we refer to section 620 of the Act of 1927 as imposing liability upon a municipality for damages caused by the negligent operation of an automobile by its employees on the highway. The liability for negligence is limited under this section to employees "operating a motor vehicle." Section 102, subsection (b), of the Motor Code of 1927 defines motor vehicles, but the definition given is not sufficiently comprehensive to include a horse drawn wagon, and it was a horse drawn wagon that caused the injuries to the minor plaintiff in this case. We cannot legislate under the guise of judicial construction and extend the definition of motor vehicle to include the defendant's wagon.

The judgment is affirmed.