Devers, Appellant, *v.* Scranton City.

14

Argued April 20, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Frank M. Walsh,* for appellant.—The city was not relieved because the fire truck was being used in the performance of governmental duty: Balashaitis v. Co., 296 Pa. 83; Bandos v. Phila., 304 Pa. 191; Snyder v. Binghamton City, 245 N. Y. Sup. 497.

A motor-driven fire ladder truck is a motor vehicle.

The fireman was an employee of the city: McCarl v. Boro., 263 Pa. 1; Lehman v. Co., 87 Pa. Superior Ct. 440.

*A. A. Vosburg,* City Solicitor, and *A. S. Rosenberg,* for appellee.—Firemen as well as policemen in municipalities are engaged in governmental duties as distinguished from the ordinary work incident to what may be termed "the business of the city," and the municipality is not liable for injuries caused by their negligence: Fire Ins. Patrol v. Boyd, 120 Pa. 624; Kies v. Erie, 135 Pa. 144; Balashaitis v. Co., 296 Pa. 83; Steele v. McKeesport, 298 Pa. 116; Scibilia v. Phila., 279 Pa. 549.

*James Francis Ryan, John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for City of Philadelphia, as amicus curiæ, cited: Scibilia v. Phila., 279 Pa. 549.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 26, 1932:

Appellant, plaintiff below, sued in trespass to recover damages for the death of his adult son who was run down and killed August 12, 1930, by a motor-driven fire ladder truck of the City of Scranton. At the time of the accident, the fire truck was operated by a member of the paid fire department of Scranton and carried its complement of firemen while responding to a fire alarm. The trial judge entered a nonsuit on the ground that the municipality was not liable in damages for the negligent operation of its fire trucks while responding to a fire. Plaintiff has appealed from the refusal to take off the nonsuit.

It is well established that no action lies against a municipality to recover damages for negligence of employees of its police or fire departments except where such right is expressly given by act of assembly, and appellant concedes as much: Fire Ins. Patrol v. Boyd, 120 Pa. 624; Kies v. City of Erie, 135 Pa. 144; Elliott v. Phila., 75 Pa. 347. "The ground of these......decisions is that, even though a city is required to render a particular service to the public, it will not be liable for injuries inflicted in the performance of that duty if the service was of a governmental character, delegated to the city to be performed on behalf of the sovereign state:" Scibilia v. Phila., 279 Pa. 549, 556; Steele v. McKeesport, 298 Pa. 116, 119. In reaching this conclusion our cases have distinguished between the governmental and the private acts of the municipality involved, and hold that·acts done in its corporate character or business capacity may place liability on it for the acts of its representatives or employees; whereas, acts done in the performance of the functions of government, such

as protection of health or property, do not create a liability in tort. The immunity so conceded in the latter case is based on grounds of public policy. "The fighting of fires in large cities was not, until comparatively recent years, treated as a matter for direct governmental control, but its status as a public function is now well settled:" Scibilia v. Phila., supra, at page 559; see also Balashaitis v. Lackawanna Co., 296 Pa. 83.

Appellant contends, however, that section 619, article VI, of the Act of May 1, 1929, P. L. 905, (the Vehicle Code), provides the statutory authority to sustain an action of this character, and the question to be determined by this appeal is whether this section of the act in question has altered the common-law rule in effect in this State. Section 619 of the Act of May 1, 1929, supra, provides as follows: "Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." In construing this section, the learned judge of the court below held a fire truck is not a vehicle within the meaning of the act and within the definition of vehicle contained in the statute. We are of opinion he correctly so held.

In Bandos et al. v. Phila., 304 Pa. 191, a case involving the same section of the act, we said the act must be construed and interpreted in the light of the statutory definition of vehicles contained therein. It is true that section 619 supra, refers to motor vehicles rather than "vehicles," but to determine the meaning of the phrase "motor vehicles," we must in turn refer to the definition of "vehicles" given in the legislation. In section 102, "motor vehicles" includes "Every vehicle, as herein defined, which is self-propelled, except tractors, power shovels, road rollers, agricultural machinery, and vehicles which move upon or are guided by a track, or

travel through the air." In the same section, "vehicle" is defined as "Every device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks: Provided, that, for the purpose of article X of this act, a bicycle or a ridden animal or a tractor shall be deemed a vehicle."

We are clearly of opinion that a fire truck is not a device intended for the transportation of persons or property upon a public highway. As such, it is necessarily excluded from the terms of the act; we would however, reach the same result from other considerations. In construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered: Felt v. Cook, 95 Pa. 247; Smith v. R. R. Co., 182 Pa. 139. Unless the Vehicle Code of 1929 expressly or by necessary implication has altered the former rule relating to liability of municipalities for the negligence of employees of the fire and police departments, we cannot so construe the act. In many other sections of the same statute, where it is intended to refer to rules or regulations which do not apply to vehicles operated by the police or fire departments, the fact of their exception from the general rule is specifically stated. In like manner if the legislature intended by section 619 of the act to place a liability upon municipalities or other political subdvisions in such cases, it would have so stated in express terms. There are many situations to which the act is clearly applicable, as for example to trucks carrying materials for the repair of roads or highways, but we cannot read into the act a provision which does not appear.

Appellant contends section 619 as amended by the Act of June 27, 1931, P. L. 751, 769, indicates the intention of the legislature to place a liability upon municipalities for the negligence of their fire departments by including in that section (which was substantially a reënactment

18

of the Act of 1929, supra) the following provision: "And every city, borough, incorporated town, and township shall also be jointly and severally liable with any member of a volunteer fire company, of any such city, borough, incorporated town, or township, for any damage caused by the negligence of such member while operating a motor vehicle used by or belonging to such volunteer fire company while going to, attending, or returning from a fire, or while engaged in any other proper use of such motor vehicle for such volunteer fire company within such city, borough, incorporated town, or township." We are inclined to the view that if the legislature had intended to fix liability upon municipalities for the negligence of the *paid* employees of their fire or police departments, it would have so stated specifically in the act, as it did in the case of volunteer fire companies.

Appellant also cites Snyder v. City of Binghamton, 245 N. Y. S. 497, in which the Supreme Court of New York held the City of Binghamton liable in damages for the negligence of an employee of the city fire department in an automobile collision while answering a fire alarm. Section 282-g of the New York State Highway Law of 1929 provides: "Every city......shall be liable for the negligence of a person duly appointed......to operate a municipally owned vehicle......acting in the discharge of his duties. ...... Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity." Although this authority is in no way binding upon us and must be limited to the interpretation of the particular statute to which it relates, it should be noted, the wording of that act, in establishing liability for negligence of a person operating a municipally owned vehicle, is much stronger and broader in its scope than the act of assembly of Pennsylvania under consideration in this

case. Moreover, although the 1929 Highway Law of New York State does not define the term vehicle within the act itself, nevertheless the Vehicle and Traffic Act of 1929 in that state (which was intended to supersede and repeal designated sections of the Highway Law) defines vehicle to include "A horse and every kind of conveyance, except a baby carriage, a street surface car and a push cart." It can be readily seen that greater latitude was afforded the courts of our sister state in interpreting the provision of its act so far as the term vehicle is concerned.

The City of Philadelphia, as amicus curiæ, has suggested that section 619 of the Act of May 1, 1929, supra, is unconstitutional in that the liability for negligence provided therein is limited to certain political subdivisions of the State operating motor vehicles while excluding other subdivisions also operating such devices in governmental functions. It is also contended the act provides an arbitrary classification not based upon fundamental distinctions, in establishing liability as regards motor vehicles as distinguished from other modes of conveyance, such as horse-drawn vehicles. This case can be disposed of on other grounds, as already indicated, and we deem it unnecessary at this time to pass upon the constitutionality of the section in question.

Inasmuch as the Vehicle Code of 1929 does not provide a means by which appellant can fasten liability upon the City of Scranton for the results of the accident out of which this case grows, and since appellant has indicated to us no other statute which does so provide, we are forced to the conclusion that the nonsuit was properly entered by the court below. "Legislative enactments are to be expounded as near to the use and reason of the prior law as may be, when this can be done without violation of its meaning; for, say the cases, it is not to be presumed the legislature intended to make any innovation upon the common law, further than the case

absolutely requires": Cadbury v. Duval, 10 Pa. 265, 270;
Davidson v. Bright, 267 Pa. 580, 589.

The order of the court below refusing to take off the
nonsuit is affirmed.