Mooney v. Philadelphia, Appellant.

Argued October 2, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles M. Willits,* and with him *John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellant.

*Maurice E. Cohen,* and with him *Herman H. Yaffe* and *Albert M. Cohen,* for appellee.

OPINION BY TREXLER, P. J., December 18, 1934:

This case arose in consequence of a collision between the plaintiff's car and the motor garbage truck operated by an employee of the City of Philadelphia. Suit was brought for the recovery of damages against the city. It is not questioned that the motor truck was owned by it and was engaged in the service of collecting garbage. "Is the municipality liable for damages resulting from the negligent operation of the truck by its employee?" The lower court decided that it was.

It was held in Scibilia v. Philadelphia, 279 Pa. 549, 124 A. 273, that the gathering and disposal of refuse and ashes being primarily a health measure and hence a public or governmental measure within the police power, the negligence of those engaged in such work attached no liability to the city for the injuries inflicted by them. Such services are governmental in their character and delegated to the municipality to be performed on behalf of the sovereign state. There is no question that the collecting of garbage being, in like manner, conducive to the promotion of the health of the citizens and therefore governmental in its char-

acter the city would not be liable if the above were still the law. That case was decided in 1924. It was, therefore, essential to plaintiff's recovery for him to be able to point to some change by statute fixing the liability on the municipality.

We may assume that the Legislature may impose liability on municipalities for the negligence of its agents even if by so doing it departs from the common law rule of no liability where a governmental function is involved. The Act of May 1, 1929, P. L. 905, Section 619 of the Vehicle Code, which was in force when the accident referred to occurred, provides as follows: "Every county, city, borough, incorporated town or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." Section 102 states that "motor vehicles" include "Every vehicle, as herein defined which is self propelled, except tractors, power shovels, road rollers, agricultural machinery, and vehicles which move upon or are guided by a track, or travel thru the air." In the same section "vehicle" is defined as "Every device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks."

In construing this act it was held in the case of Devers v. Scranton City, 308 Pa. 13, 161 A. 540, that the act did not apply where an accident occurred through the negligent operation of a motor-driven fire or police truck. The Supreme Court, speaking through Chief Justice FRAZER, held that a fire truck is not a device intended "for the transportation of persons or property upon a public highway." He held that the

statute in question which was derogatory of the common law must be strictly considered, that in many sections of the above statute, in other respects, exception is made to vehicles operated by police or fire departments, and that if the Legislature had intended to have the above section apply to such departments it would have stated it in express terms. The appellant argues that as a fire truck is held to be a device not intended for the transportation of persons or property upon a public highway that necessarily a garbage truck comes within the same designation. The services performed by a fire truck are distinctive. It carries no property strictly speaking. Its equipment is essentially just as much a part of the device as the spark plugs and the motors. A garbage wagon, on the contrary, is employed in transportation, being loaded at various places and unloaded at another place. The distinction may be finely drawn, but whether it is or not we do not construe the Devers case to hold that all acts of a governmental character performed by the city through its employees using motor vehicles are exempted from the operation of Section 102 of the Act of May 1, 1929. This would merely leave the whole matter in the same situation as it was before the passage of the act. Municipalities were not then liable when they were performing governmental acts and were when they undertook and exercised functions that were not. It may be presumed that the Legislature had some change in mind in the existing law when they inserted the section in the act.

In the Devers case, supra, the court took occasion to state, ''there are many situations to which the act is clearly applicable as for example to trucks carrying materials for the repair of roads and highways.''

We are all of the opinion that the city is liable.

The judgment is affirmed.