Graff *v.* McKeesport, Appellant.

Argued October 9, 1934.  Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry M. Jones,* City Solicitor, for appellant.

*Harry Shapera,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 26, 1934:
On November 18, 1932, a police officer of the defend-
ant municipality parked a police car near the curb while
making a report, in line of duty, from a regular police
box to the central police station.  As he returned to
the car he noticed some one in front of it.  In backing
away he knocked down plaintiff, who had stepped off the

curb behind his car. Injuries to her resulted and she sued the city. The jury found a verdict for plaintiff in the sum of $5,000. Defendant's motion for judgment n. o. v. was refused. This appeal followed.

Section 619 of the Act of May 1, 1929, P. L. 905, 942, provides that "Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." (This was amended in the Motor Vehicle Act of June 22, 1931, P. L. 751, 769, by extending the provisions of section 619, to vehicles being operated by "any member of a volunteer fire company......while going to, attending, or returning from a fire, or while engaged in any other proper use of such motor vehicle for such volunteer fire company with such city, borough, incorporated town, or township.") Section 102 of the Act of 1929, at page 909, defines motor vehicles as "Every vehicle, as herein defined, which is self-propelled, except tractors, power shovels, road rollers, agricultural machinery, and vehicles which move upon or are guided by a track, or travel through the air." "Vehicle" is therein defined at page 912, as "every device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks: Provided, That, for the purpose of article X of this act, a bicycle or a ridden animal or a tractor shall be deemed a vehicle." (Article X refers to "Operation of Vehicles; Rules of the Road.")

The only question before us is whether section 619 of the Act of 1929 applies to the instant case. The doctrine has long been established that when an official of a municipality is performing a governmental func-

tion, the city cannot be held answerable for damages arising from such official's wrongful acts. The Act of 1929 (like the similar earlier Act of May 11, 1927, P. L. 886, section 620, page 913) created a statutory exception to this rule. See Balashaitis v. Lackawanna Co., 296 Pa. 83, 145 A. 691, and Bandos et al. v. Philadelphia, 304 Pa. 191, 155 A. 279.

The court below rightly held that the car whose operation caused the injuries complained of in this case was a motor vehicle as defined in section 102 of the Act of 1929, and therefore section 619 of that act applied. Appellant relies on Devers v. Scranton City, 308 Pa. 13, 161 A. 540, in which this court held that a fire truck was not a motor vehicle as defined in section 102 (above quoted), and therefore the municipality was not liable for the negligence of the fireman operating it. That decision was based on the proposition that "a fire truck is not a device intended for the transportation of persons or property upon a public highway." It rather belongs to the class to which belong self-propelled tractors or agricultural machinery, which are expressly excluded from those vehicles which section 102 of the Act of 1929 defines as "Motor Vehicles." A fire truck is not *in its primary function* a "device in, upon or by which any person or property is or may be transported or drawn upon a public highway," as the legislature obviously intended that phrase to be interpreted. It has a distinct function of its own to perform in its character of fire truck. We have frequently said, as appellant points out, that in construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered, but in holding that the operation of a motor vehicle by a police officer in the case now before us comes within the provisions of section 619, above quoted, we are strictly considering the letter of the act. The legislature, in enacting the section quoted, made a statutory exception to the rule

that torts cannot arise from the performance of governmental service.

The judgment is affirmed.