Healy et al., Appellants, *v.* Philadelphia.

Argued December 13, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-RIGE, STADTFELD and PARKER.

*Nochem S. Winnet,* with him *B. I. DeYoung,* for appellants.

*Charles M. Willits,* with him *John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY CUNNINGHAM, J., April 15, 1935:
The action below was trespass by Joseph Healy,

approximately nineteen years of age and suing by his father, Jeremiah P. Healy, and by his parents, in their own right, to recover damages for personal injuries received by the minor in a collision between an automobile driven by him and a motor-driven sprinkler truck, owned and operated by the City of Philadelphia. The collision occurred about ten o'clock in the forenoon of August 29, 1931, at the intersection of 11th and Jackson Streets in the City of Philadelphia, while the minor plaintiff was driving north on 11th and the truck was proceeding east on Jackson.

The evidence was conflicting and irreconcilable, but there was testimony by the minor plaintiff and his witnesses from which a jury could reasonably find that his injuries were caused by the negligent operation of the truck by the city's employee, and that he was not guilty of contributory negligence. Defendant's point for binding instructions was refused by the trial judge and verdicts were rendered in favor of the minor plaintiff in the sum of $500, and in favor of his parents in the amount of $1,000.

Defendant's subsequent motion for judgment in its favor, notwithstanding the verdict, was granted and we now have these separate appeals by the plaintiffs. The grounds for the judgment in favor of the city were thus stated by the learned trial judge, PARRY, J.:

"We are asked to set aside the verdict for the plaintiffs, ...... on the ground that the city is not liable for the negligent acts of its servants while engaged in a governmental function .......

"It appears to be conceded that there is an exemption from liability unless it is imposed by the Motor Vehicle Code. In Devers v. Scranton City, 308 Pa. 13, it was held that a fire truck did not come within the statutory definition of the word 'vehicle,' as it was not a device intended for the transportation of persons or property on the public highway. The

watering of streets appears to us primarily a health measure and hence a public or governmental action within the police power. The sprinkler wagon was not designed for and was not being used for the transportation of persons or property but as in the case of apparatus intended to extinguish fires it carried nothing but the persons or material necessary to effectuate its purpose.

"It seems to us, therefore, that the case falls within the implication of Devers v. Scranton City, and, therefore, the motion for judgment *non obstante veredicto* should prevail."

The narrow question involved upon this appeal is whether a municipally owned and operated motor-driven sprinkler truck falls within that classification of "motor vehicles" from the operation of which the legislature has, by section 619 of "The Vehicle Code" of May 1, 1929, P. L. 905, 942, removed the former common law exemption of their municipal owners from liability for damages resulting from the negligence of their servants and employees while engaged in the performance of governmental functions. That section of the code is invoked by appellants as supporting their right to recover in this case. It reads: "Every county, city, borough, incorporated town, or township within this commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." The amendment of June 22, 1931, P. L. 751, 769, relating to motor vehicles operated by members of a volunteer fire company, is not applicable here.

In section 102 of the code, at page 912, a "vehicle" is defined as any "device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricul-

tural machinery, devices moved by human power or used exclusively upon stationary rails or tracks.''

By the same section, at page 909, ''motor vehicles'' are described as every vehicle ''which is self-propelled, except tractors, power shovels, road rollers, agricultural machinery, and vehicles which move upon or are guided by a track, or travel through the air.''

These sections of the code have been construed in several cases. In Devers v. Scranton City, 308 Pa. 13, 161 A. 540, cited and relied upon by the court below, it was held that a motor-driven fire ladder truck is not within the classification of municipally owned and operated motor vehicles, to which section 619 applies. The reason assigned (p. 17) for that conclusion was that ''a fire truck is not a device intended for the transportation of persons or property upon a public highway.''

The constitutionality of the section was sustained in Giffen v. Pittsburgh Rys. Co., 113 Pa. Superior Ct. 287, 173 A. 740, and in Mallinger v. Pittsburgh, 316 Pa. 257, 175 A. 525, decided since the filing of the opinion of the court below in the present case. In the Mallinger case it was held that the municipality was liable for damages resulting from the negligent parking of a city owned automobile by a supervisor of the Bureau of Highways and Sewers, while he was inspecting the work of city employees engaged in the removal of debris accumulated in a nearby public alley.

Another recent case is Graff v. McKeesport, 316 Pa. 263, 175 A. 426, in which the municipality was held liable for the negligent operation by a police officer of ''a police car'' while in the performance of his official duties. In distinguishing this case from that of Devers v. Scranton City, supra, Mr. Justice Maxey said: ''That decision was based on the proposition that 'a fire truck is not a device intended for the transporta-

tion of persons or property upon a public highway.' It rather belongs to the class to which belong self-propelled tractors or agricultural machinery, which are expressly excluded from those vehicles which section 102 of the Act of 1929 defines as 'Motor Vehicles.' A fire truck is not *in its primary function* a 'device in, upon or by which any person or property is or may be transported or drawn upon a public highway,' as the legislature obviously intended that phrase to be interpreted. It has a distinct function of its own to perform in its character of fire truck. We have frequently said, as appellant points out, that in construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered, but in holding that the operation of a motor vehicle by a police officer in the case now before us comes within the provisions of section 619, above quoted, we are strictly considering the letter of the act.''

In Mooney v. Philadelphia, 115 Pa. Superior Ct. 433, 175 A. 886, decided in December, 1934, this court affirmed the judgment in favor of a plaintiff injured in a collision between his car and a ''motor garbage truck,'' owned by the City of Philadelphia and operated by one of its employees. We there said that the gathering and disposal of garbage was primarily a health measure and hence a governmental function within the police power, but that ''a garbage wagon ...... is employed in transportation, being loaded at various places and unloaded at another place,'' in which respect the purpose for which it was used differs materially from the functions of a fire ladder truck.

As stated by the court below, the sprinkling of streets is ''primarily a health measure,'' but the common law distinction between ordinary corporate and delegated governmental functions is no longer controlling. The pivotal inquiry is whether the purpose

for which the vehicle here involved was designed and the actual use to which it was devoted place this case under Devers v. Scranton City, supra, or under the other decisions to which we have referred.

There is no support in the evidence for the contention of counsel for appellants that the vehicle in question was used in the performance of the purely corporate function of maintaining and repairing city streets. On the contrary, the uncontradicted testimony is that it belonged to and was operated by the Bureau of Street Cleaning. This truck, in the language of the Supreme Court in Graff v. McKeesport, supra, "[was] not in its primary function a device in, upon or by which any person or property is or may be transported or drawn upon a public highway," but, as said by the court below, "carried nothing but the persons or material necessary to effectuate its purpose."

In these respects it is so similar to a fire truck, that we consider it our duty to follow the decision of the Supreme Court in Devers v. Scranton City, supra, and hold that appellants are not entitled to recover any damages for the injuries inflicted upon them by its negligent operation.

If it be thought that a distinction, with regard to the liability of a municipality, between the negligent operation of a garbage truck and the like operation of a street sprinkler is too refined, the remedy is with the legislature. Even as to fire trucks, it has already removed the common law exemption from municipalities and other political subdivisions having volunteer fire companies. Until the legislature has acted, we are required to follow existing statutory provisions as construed by our Supreme Court. The assignment of error to the entering of judgment n. o. v. in favor of the city is, accordingly, overruled.

Judgment affirmed.