## Derk et al. v. Zerbe Township

*F. B. Moser*, for plaintiffs; *J. A. Welsh* and *A. G. Shoener*, for defendant.

MORGANROTH, P. J., January 7, 1935.—In this action in trespass to recover damages for personal injuries to a minor, the defendant, the Township of Zerbe, is charged with the negligence of a fireman who drove the motor fire truck of a volunteer fire company which was maintained within the confines of the township for the protection of life and property from damage and destruction by fire. At the time of the accident, the fire truck was in a parade of motor vehicles over a new and improved highway, which was being formally opened to public traffic.

Defendant filed its affidavit of defense raising questions of law, and contends that judgment should be entered for it because at the time of the accident the truck of the fire company was not engaged in any representative capacity for the said township, nor was the fire company or the driver acting within the scope of any employment or agency for the township. Plaintiffs filed their reply, citing section 619 of the Act of June 22, 1931, P. L. 751, 769, and averring that, at the time of the injuries complained of, the driver of the fire truck was engaged in a proper use of the said motor vehicle for the fire company within the limits of the said township.

Section 619 of The Vehicle Code of May 1, 1929, P. L. 905, 941, provides: "Every county, city, borough, incorporated town, or township within this Com-

monwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment."

The amendatory Act of 1931, supra, reënacts this section and adds:

". . . and every city, borough, incorporated town, and township shall also be jointly and severally liable with any member of a volunteer fire company, of any such city, borough, incorporated town, or township, for any damage caused by the negligence of such member while operating a motor vehicle used by or belonging to such volunteer fire company while going to, attending, or returning from a fire, or while engaged in any other proper use of such motor vehicle for such volunteer fire company within such city, borough, incorporated town, or township."

Devers v. Scranton City, 308 Pa. 13, discusses section 619 of The Vehicle Code, in an action arising out of the negligent operation of a motor-driven fire ladder truck by a paid fireman while responding to an alarm of fire, and holds that there was no intention on the part of the legislature to place a liability upon municipalities for the negligence of their paid fire departments, when it made municipalities jointly liable for negligence with any member of a volunteer fire department operating a motor vehicle belonging to a volunteer fire company; and that if the legislature had intended to fix liability on the municipalities for negligence of their own paid firemen it would have so stated.

The learned Mr. Chief Justice Frazer, in the above case, says (p. 17):

". . . a fire truck is not a device intended for the transportation of persons or property upon a public highway. As such, it is necessarily excluded from the terms of the act; we would however, reach the same result from other considerations. In construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered. . . . Unless the Vehicle Code of 1929 expressly or by necessary implication has altered the former rule relating to liability of municipalities for the negligence of employees of the fire and police departments, we can not so construe the act. . . .

"Appellant contends section 619 as amended by the Act of June 27, 1931, P. L. 751, 769, indicates the intention of the legislature to place a liability upon municipalities for the negligence of their fire departments by including in that section (which was substantially a reenactment of the Act of 1929, supra)" the provision hereinabove cited. . . . "We are inclined to the view that if the legislature had intended to fix liability upon municipalities for the negligence of the *paid* employees of their fire or police departments, it would have so stated specifically in the act, as it did in the case of volunteer fire companies."

The City of Philadelphia appeared as amicus curiæ in the case, and raised the question of the unconstitutionality of section 619 of the Act of May 1, 1929, for the reasons that the liability for negligence provided therein is limited to certain political subdivisions of the State operating motor vehicles, while excluding other subdivisions also operating such devices in governmental functions, and also that the act provides an arbitrary classification not based upon fundamental distinctions, in establishing liability as regards motor vehicles as distinguished from other modes of conveyance, such as horse-drawn vehicles. The court deemed it unnecessary to pass upon the constitutionality of the section in question, as the case was disposed of on other grounds.

In Collingdale Borough's Petition, 18 D. & C. 684, the question of the constitutionality of section 619 of the Act of 1929, as amended by the Act of 1931, supra, was again raised on a petition by the borough praying for a rule to show

cause why a declaratory judgment should not be entered. The court refused to render such a judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, for the reason that there was no actual controversy or the ripening seeds of one existing between the parties before the court, and it did not appear that at the time anyone was asserting a position adverse to that assumed by the petitioner, and it was impossible to join all parties whose interests might be affected by the judgment sought.

In addition to the contention that the act is in contravention of section 3 of article III of the Constitution of Pennsylvania, because it contains more than one subject, and that not clearly expressed in its title, and the contention raised by the amicus curiæ in Devers v. Scranton, supra, that the liability for negligence provided in the act is limited to certain political subdivisions while excluding others operating similar devices, it is argued by the defendant that the driving of a fire truck is in the township's governmental rather than in its business capacity, and that it has been held repeatedly that a municipality is not liable for injuries to a person arising from acts done in its governmental capacity.

Mr. Justice Kephart, in discussing this question in Szilagyi et al. v. Bethlehem, 312 Pa. 260, 266, says:

"We have held that a city is not liable for damages from the negligence of its employees, members of the police or fire departments, because they were in performance of a service of a governmental character: Devers v. Scranton City, 308 Pa. 13; and so where a truck owned by a city and operated by its employee injured a pedestrian while it was performing the service of collecting ashes in and about the city: Scibilia v. Phila., 279 Pa. 549; similarly where a pedestrian was injured by a county truck transporting men to work: Balashaitis v. Lackawanna Co., 296 Pa. 83. See also Steele v. McKeesport, 298 Pa. 116. The legislature has *since* seen fit to impose liability occurring from the negligent operation of a motor vehicle on the highway: Act of 1929, P. L. 905, section 619, as amended by Act of 1931, P. L. 751.

"In the following cases the implication of liability was stronger than that in the instant case, yet recovery was denied on grounds of public policy: Murdock Parlor Grate Co. v. Com., 152 Mass. 88, 24 N. E. 854; Gibbons v. U. S., 6 Wallace 269, 75 U. S. 269. See also Bourn v. Hart, 93 Cal. 321, 28 Pac. 651."

Defendant also contends, and with some persuasion in its argument, that the act is unconstitutional for indefiniteness. What is a proper occasion? Will the use of a fire truck in attendance at the funeral of one of the members of a volunteer fire company, or at a wedding of one of the members, or in a parade, as appears in the instant case, constitute a proper occasion? It is argued that the act leaves much to the imagination and is sufficiently ambiguous in its terms to render it unconstitutional and void.

The late case of Mallinger v. Pittsburgh, 316 Pa. 257, disposes of the question of the constitutionality of the act. We would, however, sustain defendant's demurrer upon other grounds.

If the legislature did enlarge the common law and, in accordance with the Constitution both as to title and subject matter of its act, did fix upon municipalities liability for the negligence of volunteer firemen in their operation of motor-driven fire trucks, it was enacted that such liability would be incurred, not generally, but only while the motor vehicle was "going to, attending, or returning from a fire, or while engaged in any other proper use of such motor vehicle for such volunteer fire company within such city, borough, incorporated town, or township."

As counsel for the plaintiffs point out, it has long been the rule that "for the

true and sure interpretation of all statutes, four things were to be discerned and considered: (1) What was the common law before the making of the act? (2) What was the mischief and defect for which the common law did not provide? (3) What remedy the parliament hath resolved and appointed to cure the disease of the Commonwealth? And (4) the true reason for the remedy."

It is not disputed that at common law no recovery could be had against a municipality for the negligence of a member of its fire department; but the mischief and defect for which the common law did not provide was the inability of a citizen to recover against a municipality for the negligence of its volunteer firemen. The Act of 1931, supra, does not make the municipality liable regardless of the circumstances under which a fire truck is taken from a firehouse and used and operated. The act definitely limits the liability of the municipality to negligence of firemen while going to, attending, or returning from fires, or while engaged in any other proper use of a fire truck for a fire company.

"Any other proper use" of the truck for the company might be gathering up fire hose after drying it by the oldfashioned method in the absence of a tower; or driving the truck to a garage for greasing or repairs; or testing fire plugs during periodic inspections. But taking part in a civic procession, even for the advancement of community spirit—a laudable undertaking in itself—is not a "proper use" for such volunteer fire company as was contemplated by the legislature. If the legislature had intended that municipalities should be liable for the negligence of volunteer firemen in driving fire trucks to parties, celebrations, and social and civic functions, it is not likely that it would have limited the liability in any way. By curtailing the operation of a fire truck to a "proper use" in this connection, the lawmakers no doubt had in mind some such proper and necessary use, other than attending fires, as has been suggested hereinabove, to the exclusion of the use of a fire truck in parades and pageants.

Webster defines "proper" as ". . . appropriate; right; fit; . . . Conforming to the best usage; correct." 3 Bouvier, Law Dictionary (Rawle's third revision) 2750, says "Proper" is "That which is essential, suitable, adapted, and correct." We cannot subscribe to the theory that driving a fire truck in a celebration is either essential, suitable, or adapted to the basic functions of a fire company, which are properly and appropriately the preservation of lives and property from destruction by fire.

In this connection, the opinion of Mr. Justice Maxey, in Graff v. McKeesport, 316 Pa. 263, 265, is applicable: "A fire truck is not *in its primary function* a 'device in, upon or by which any person or property is or may be transported or drawn upon a public highway,' as the legislature obviously intended that phrase to be interpreted. It has a distinct function of its own to perform in its character of fire truck. We have frequently said, as appellant points out, that in construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered, . . ."

Nor can we subscribe to the contention of the plaintiffs that what was intended to be meant by the word "proper" should be left to a jury. It is neither the duty nor the function of juries to interpret statutes.

If the delegated municipal authorities, in this case the township commissioners or supervisors, had, by resolution or other order, directed the fire truck to be taken from the firehouse and driven in a parade, it might be argued that the use of the truck at the time of the averred accident was permissive, and if permitted or ordered, the action of the fire company might have a proper aspect. But with this phase of the question we are not concerned, for it is not pleaded that there was such a resolution or order approved by the township commissioners.

In view of the above discussion, we hold that the use of the fire truck in the instant case was not a proper one and that the defendant township is not liable for the negligence imputed to the fire company or its driver on this occasion.

And now, January 7, 1935, defendant's affidavit raising questions of law is sustained, and judgment is herewith entered for the defendant.