## Healy et al., Appellants, *v.* Philadelphia.

Argued January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Nochem S. Winnet,* with him *B. I. deYoung,* for appellant.

*Charles M. Willits,* with him *John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE MAXEY, April 6, 1936:

The common law rule is that torts cannot arise from the performance of governmental services. The legislature by section 619 of the Act of May 1, 1929, P. L. 905, made a statutory exception to this rule by providing that "every county, city, borough, incorporated town or township . . . employing any person, shall be jointly or severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment." By section 102 of the same act, a vehicle is defined as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks. . . ."

In *Devers v. Scranton,* 308 Pa. 13, 161 A. 540, this court, in an opinion by Mr. Chief Justice FRAZER, held, that a motor-driven fire ladder truck was not a vehicle within the meaning of section 102 of the Act of 1929, saying: "We are clearly of opinion that a fire truck is not a device intended for the transportation of persons or property upon a public highway. As such, it is necessarily excluded from the terms of the act; we would however, reach the same result from other considerations. In construing a statute which changes or is in derogation of the common law, the letter of the act is to be strictly considered [citing cases]. Unless the Vehicle Code of 1929 expressly or by necessary implication has altered the former rule relating to liability of municipalities for the negligence of employees of the fire and police departments, we cannot so construe the act."

In *Graff v. McKeesport,* 316 Pa. 263, 175 A. 426, we held that a police car was a motor vehicle as defined in section 102 of the Act of 1929, and that therefore section 619 of that act, imposing liability upon the municipality, applied. We distinguished that case from *Devers v. Scranton,* supra, saying: A fire truck "rather belongs to the class to which belong self-propelled tractors or agricultural machinery, which are expressly excluded from these vehicles which section 102 of the Act of 1929 defines as motor vehicles. A fire truck is not *in its primary function* a 'device in, upon, or by which any person or property is or may be transported or drawn upon a public highway,' as the legislature obviously intended that phrase to be interpreted. It has a distinct function of its own to perform in its character of fire truck."

In the case before us a minor was injured in a collision between an automobile driven by him and a motor-driven sprinkler truck owned by the City of Philadelphia and operated by one of its employees. There was testimony from which the jury could reasonably find that the minor plaintiff's injuries were caused by the

negligent operation of the truck by the city's employee and that the minor plaintiff was not guilty of contributory negligence. There was a verdict in favor of the minor plaintiff in the sum of $500 and in favor of his parents in the sum of $1,000. Defendant made a motion for judgment n. o. v. This was granted. The Superior Court affirmed the judgment. An appeal was allowed.

Appellants rely upon the case of *Mooney v. Phila.*, 115 Pa. Superior Ct. 433, 175 A. 886, in which that court held that the plaintiff could recover damages in consequence of a collision between his car and a motor garbage truck negligently operated by an employee of the City of Philadelphia. In the opinion of President Judge TREXLER in that case, he distinguished it from *Devers v. Scranton,* supra, by saying: "It [a fire truck] carries no property strictly speaking. Its equipment is essentially just as much a part of the device as the spark plugs and the motors. A garbage wagon, on the contrary, is employed in transportation, being loaded at various places and unloaded at another place. . . . We do not construe the *Devers* case to hold that all acts of a governmental character performed by the city through its employees using motor vehicles are exempted from the operation of section 102 of the Act of May 1, 1929."

The present case turns on whether or not it is held that a sprinkler truck is, like a motor garbage truck, "a device in, upon or by which any person or property is or may be transported or drawn upon a public highway," as that phrase was used by the legislature. A sprinkler truck carries water, as a garbage truck carries garbage. A sprinkler truck transports water from one place to another. It stops at the source of supply, takes on a load of water and sprinkles that water over the city streets. The legislature evidently intended to remove from the common law rule mentioned in the first sentence of this opinion, torts arising from the negligent operation of those municipal motor vehicles *used in and designed for* the transportation of any person or property. While

the instant case is a close one, we hold that a sprinkler truck comes within the statutory exception referred to.

The judgments of the Superior Court and of the court of common pleas are reversed, and judgments are herein entered on the verdicts in favor of the plaintiffs.

CONCURRING OPINION BY MR. JUSTICE DREW:

I am fully in accord with the result reached by the majority. The judgment of the Superior Court must be reversed. That court, however, quite apparently rendered the judgment which it did only because it felt constrained by *Devers v. Scranton*, 308 Pa. 13. It seems to me that case is wrong and should be overruled. So long as it continues to be law there is bound to be doubt and confusion as to the extent of a municipality's liability under section 619 of the Act of May 1, 1929, P. L. 905. The decision in that case is founded upon the premise that "a fire truck is not a device intended for the transportation of persons or property upon a public highway," and therefore not a "vehicle" or "motor vehicle" within the meaning of section 102 of the Act of 1929, supra. That section is a general definitory section; it sets forth definitions of various terms as used throughout the act. If a fire truck is not a "motor vehicle" as defined in section 102, and therefore not within the provisions of section 619 (imposing liability upon a municipality for the negligent operation of a motor vehicle by its employee in the course of his employment), it is not a motor vehicle within the provisions of any section of the act. The legislature cannot have intended the term to have one meaning in one section of the act and a totally different meaning in another section. Section 102 expressly provides that the words there defined, when used in the act, shall, for the purposes of the act, have the meanings respectively ascribed to them in that section. It follows that if a fire truck is not a motor vehicle within the definition in section 102, it is not subject to the provisions of the act requiring regis-

tration, certificate of title, operator's license, lighting equipment, and the like. To state this conclusion is to demonstrate the absurdity of its premise.

That the legislature did not suppose that its definition of "vehicle" in section 102 excluded fire trucks appears clearly from section 902 of the act, in which the legislature found it necessary to make express exceptions for "fire department equipment" in the provisions prescribing maximum dimensions for vehicles generally. Indeed, it is plain that the legislature in its definition of the terms "vehicle" and "motor vehicle" intended to designate conveyances of the sort usually referred to by those terms, except those specifically excluded, and that fire trucks and sprinkler trucks, since not expressly excepted, were very definitely meant to be included. Where an act specifies, as this one does, particular exceptions to a general definition, it is ordinarily to be supposed that the legislature intended only those exceptions and no others: expressio unius est exclusio alterius. See *Steckler v. Luty,* 316 Pa. 440, 443, and cases there cited. Unless it would rewrite the act, a court may not add to the exceptions specified. Fire trucks and sprinkler trucks are not excepted from the definition of "vehicle," and the legislative intent must therefore have been to include them. Section 619 should accordingly apply, and the city should be held liable in the case of those vehicles, in compliance with the legislative mandate. It may be admitted that ordinarily a statute in derogation of the common law is to be strictly construed. The present statute, however, seems to me so clear that there is no ambiguity and therefore no room for more than one construction. The municipality's liability is for the negligence of an employee while operating "a motor vehicle." The phrase is in no way restricted, and in its ordinary and natural meaning it would comprehend any motor vehicle and therefore all motor vehicles operated under the specified circumstances. To say that the legislature must, in order to avoid application of the

494

common law rule, enumerate the particular types of motor vehicles which involve liability would be manifestly unreasonable. The plain words of the act, if given the meaning which the legislature clearly intended them to have, require that the city be held liable not only in this case but in the case of a fire truck as well. Therefore I would overrule the *Devers* case and restore the act to its natural and proper meaning.