Cavey et ux., to use, *v.* Bethlehem City, Appellant.

Argued April 16, 1936. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

Judgment reversed and venire facias de novo awarded.

*Daniel L. McCarthy,* City Solicitor, for appellant.

*William B. Butz,* with him *Everett Kent,* for appellees.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

This action of trespass grows out of the same accident as that involved in the case of Logan v. City of Bethlehem, No. 151, January Term, 1936, opinion this day filed. Mrs. Lillian Cavey, who accompanied Logan in crossing the street, was also struck by the motorcycle of the police officer of the defendant city. In a joint action she and her husband brought suit for damages for the injuries which she sustained, and for expenses and loss of services. This action and that of Logan were consolidated in the court below, and tried together. In the Cavey case the jury returned a verdict in favor of the wife plaintiff, but found for the defendant as against the husband. At the suggestion of counsel for plaintiffs the verdict was remolded to show one verdict for plaintiffs, specifying that the sum given was awarded to the wife plaintiff, and that nothing was awarded to the husband. This was an improper verdict. From the judgment subsequently entered on this verdict the defendant city has appealed.

Inasmuch as the Logan and the Cavey cases were tried together and submitted to the same jury, the same errors are here present which required a reversal of the judgment and a new trial in the Logan case at No. 151, January Term, 1936. For the same reasons, therefore, the judgment here must be reversed and a new trial had.

We wish to call attention, however, to an error committed in the entry of the judgment mentioned. Only

one judgment was entered. This was contrary to the provisions of Section 2 of the Act of May 8, 1895, P. L. 54, which requires that in an action of this kind separate verdicts shall be rendered determining the rights of each spouse, and separate judgments entered. Since the case must be reversed, the record will be remitted to the court below with instructions to enter separate judgments in accordance with and of the date of the verdict of the jury, that is, for the wife plaintiff as against the defendant, and for the defendant as against the husband plaintiff: See *Hug v. Hall,* 79 Pa. Superior Ct. 392; *Leckstein v. Morris,* 80 Pa. Superior Ct. 352. For the purposes of this appeal, however, we shall treat the record as already amended as of the date of the verdict: *Linhoss v. Hodgson,* 310 Pa. 339. Inasmuch as defendant has appealed in the wife's case, the judgment in the wife's favor is reversed (the judgment against the husband plaintiff being unappealed is conclusive).

In the case of Lillian A. Cavey v. City of Bethlehem the judgment is reversed and a venire facias de novo awarded.