Cavey, to use, *v.* Bethlehem, Appellant.

Logan, to use, *v.* Bethlehem, Appellant.

Argued May 11, 1938.   Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Daniel L. McCarthy*, City Solicitor, for appellant.

*William B. Butz*, with him *Everett Kent*, for appellees.

OPINION BY MR. JUSTICE BARNES, October 3, 1938:

These actions were brought by pedestrians to recover damages for personal injuries sustained when struck at a street intersection by a motorcycle driven by a police officer of the defendant city, who admittedly was acting within the scope of his duties at the time. Separate actions of trespass were instituted by the plaintiffs, and the two cases were tried together in the court below as the injuries were received in the same accident.

This is the second time these cases have been before this court.[1] At the first trial in the court below the defendant moved for compulsory nonsuits upon the ground that the evidence did not sustain the charge of negligence. Upon denial of these motions, appeals were taken to this court, where we held that a new trial must be granted, not because the plaintiffs failed to prove negligence, but due to error in the affirmance of one of plaintiffs' points for charge which was crucial to the case.

The manner in which the accident occurred was fully discussed in our opinion in the *Logan* case, and it is unnecessary to repeat what was said there. The same evidence was offered at the second trial, from which, briefly stated, it appears that on the evening of March 19, 1932, the plaintiffs attempted to cross from the north to the south side of Union Boulevard at its intersection with Eighth Avenue, in the City of Bethlehem. When they

---

[1] *Logan v. Bethlehem City*, 324 Pa. 7; *Cavey v. Bethlehem City*, 324 Pa. 15.

had proceeded past the middle of the crossing (the Boulevard is fifty feet in width at this point) plaintiffs stopped to permit an automobile to pass in front of them, when from the rear of a line of cars behind them a motorcycle suddenly emerged at a rapid rate of speed, and knocked them to the ground.

At the close of plaintiffs' case, the defendant introduced no testimony, but moved for compulsory nonsuits on the ground that the evidence failed to establish that defendant's employee was negligent. These motions were denied, and likewise defendant's point for binding instructions. The jury rendered separate verdicts in favor of the plaintiffs. These appeals were taken from the refusal of defendant's motions for new trial and for judgments non obstante veredicto.

The defendant concedes that the errors of which it complained on the first appeal were corrected in accordance with our opinion in the *Logan* case, and that the charge in the second trial was free from error. It contends, however, that as its police officer was operating the motorcycle in the performance of his public duties at the time of the accident it is liable only if the testimony discloses that he acted with reckless disregard for the safety of others. In support of this position the defendant relies upon the recent decision of this court in *Reilly v. Philadelphia*, 328 Pa. 563.

What constitutes a reckless want of care on the part of the operator of a motor vehicle varies with the circumstances of the particular case. In the Restatement, Torts, section 500 (p. 1293), it is set forth that a person has acted in reckless disregard for the safety of others "if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."

A similar conception of reckless negligence has been followed by the courts of this Commonwealth: *Hurd v. Dietz,* 317 Pa. 525; *Lloyd v. Noakes,* 96 Pa. Superior Ct. 164; *Dixon v. Pentony,* 116 Pa. Superior Ct. 443; *De Rosa v. West Penn Rys. Co.,* 120 Pa. Superior Ct. 90.

From the plaintiffs' testimony it would appear that they were run down from the rear by the defendant's employee while they were upon the highway at a street intersection. They were in full view and had been standing at a place where they had a lawful right to be, for a sufficient length of time for the officer to observe their presence and avoid striking them. His failure to do so was a negligent act, for it is well settled that to drive into a pedestrian who is in full view and does not suddenly change his course shows want of due care and caution: *Anderson v. Wood,* 264 Pa. 98; *King v. Brillhart,* 271 Pa. 301; particularly where the pedestrian is on the highway at a street crossing: *Gilles v. Leas,* 282 Pa. 318; *Robb v. Quaker City Cab Co.,* 283 Pa. 454.

Here, as we read the testimony, essential elements of recklessness are present. The action of the officer in approaching a busy intersection in a city, at a high rate of speed, at a time when the presence there of pedestrians was reasonably to be anticipated, with his attention focused upon pursuing and clocking a speeding sedan, created a situation of grave peril to all persons upon the highway at the intersection. The probability that such conduct would cause bodily harm to be done to some of them was further increased by the fact that he passed through the intersection at least thirteen feet to the left of the center line of the highway. We are of opinion that the determination of the officer to apprehend the driver of a speeding automobile did not justify his disregarding the safety of persons upon the intersection at the time.

As we pointed out in the prior opinion in this case, the fact that the police officer was engaged in the performance of his duties did not relieve him of the duty of

care at intersections, nor absolve the city from liability for his negligence in the course of duty: *Graff v. McKeesport,* 316 Pa. 263; *Healy v. Philadelphia,* 321 Pa. 488. To the same effect is the relevant provision of the Vehicle Code, section 1002 (subsection f) which requires that vehicles under the direction of the police in the chase or apprehension of violators of the law, shall be operated "with due regard for the safety of others," and that the exemption from speed limitations of fire department and fire patrol vehicles traveling in response to a fire alarm, or ambulances upon calls of emergency, shall not protect the driver of any such vehicle from the consequences of *"a reckless disregard of the safety of others."*[2]

In the case of *Reilly v. Philadelphia,* supra, the officers in the police car were "in close pursuit of a fleeing felon in a stolen automobile." They were engaged in official emergency duties, and were exempt, under the provisions of the Vehicle Code, from the restrictions as to speed, traffic signals, and through "stop" highways. Here, clocking a speeding automobile is not such an emergency duty of the officer as to bring this case within the exemption provisions of the statute.

From our review of the record we are convinced that the charge of negligence has been sustained, particularly as plaintiffs are entitled to have the evidence read in the light most favorable to them. Their uncontradicted version of the accident discloses a reckless operation of the motorcycle by defendant's officer, in disregard of the safety of others. We see no reason, therefore, to disturb the verdicts of the jury.

The judgments in No. 175, January Term, 1938, and in No. 176, January Term, 1938, are affirmed.

---

[2] See also section 619 of the Act of May 1, 1929, P. L. 905, 942, as amended by section 619 of the Act of June 22, 1931, P. L. 751, 769.